[Crim. No. 11312. First Dist., Div. One. Mar. 7, 1974.]

In re ROY VICTOR OLSON et al. on Habeas Corpus.

**COUNSEL**

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., and Jack R. Winkler, Chief Assistant Attorneys General, William E. James and Edward P. O'Brien, Assistant Attorneys General, Gloria F. DeHart and D. Stuart Candland, Deputy Attorneys General, for Appellants.

Fay Stender and Ezra Hendon for Respondents.

**OPINION**

**MOLINARI, P. J.**—This is an appeal by the People and Lester J. Pope, Superintendent of the California Medical Facility (hereinafter jointly referred to as "appellants") from an order made by the trial court in a habeas corpus proceeding permitting counsel for Roy Victor Olson and Charles Carter (hereinafter "petitioners"), inmates of the California Medical Fa-

cility at Vacaville (hereinafter "CMF"), to inspect all records at such facility pertaining to petitioners and providing that if any documents were deemed privileged or confidential said Lester Pope and Robert Pope, records officer of said facility (hereinafter jointly referred to as "respondents") would have to appear before the court after notice to petitioners' attorney and show cause why petitioners should be denied access thereto.

Petitioners sought a writ of habeas corpus or an order to show cause to inquire why respondents should not make available to their attorneys the central files, including psychiatric, medical, disciplinary and "cumulative" records, and all files maintained by CMF of petitioners when their attorneys have determined that inspection is essential to adequate representation of petitioners.[1] The gist of the petition is that such inspection is necessary in order for petitioners to discover whether the Adult Authority (hereinafter "Authority") has abused its discretion in denying them parole and to support such allegations with facts.

An order to show cause was issued by the court below and at the hearing testimony was adduced by respondents indicating the specific records that were available to inspection by attorneys for inmates and those records that were not made available because they were deemed confidential. The basis for confidentiality was stated to be, in part, the security of the institution in that documents might contain the names of informants inside or outside the prison or information as to the introduction of contraband or weapons into the institution. It was also suggested that confidentiality was necessary as certain documents in the central file could contain information which, if known by the prisoner, might prejudice the relationship between the inmate and correctional personnel, such as psychiatrists or counselors, or between the inmate and his family or friends. It was also testified to that certain information contained in the files is given with the tacit or explicit understanding that it will be kept confidential and to permit disclosure would inhibit the giving of such information that would be useful in evaluating the prisoner. It was further stated that other documents were considered confidential because various statutes so required or because they were merely summaries of other documents that were considered confidential for one of the reasons stated above.

The order appealed from, which the parties apparently concede is an appealable order, is the amended order filed by the court on September 14,

---

[1]The petition was filed on behalf of petitioner and "all others similarly situated" but the trial court declined to treat the petition as a "class action" and restricted its order to petitioners.

1972,[2] and made following the hearing of the order to show cause issued on August 18. The latter order was entitled "Order to Show Cause and Order of Inspection." It contains elements of a show cause order, an injunction or temporary restraining order in that it enjoined respondents from certain actions, and a discovery order or grant of the relief sought by the petition. The last mentioned part of the order, in effect, granted the very relief sought by the petition, i.e., inspection of petitioners' files. Appellants contend that this order was invalid because it was issued without notice to respondents and thereby denied them the right to be heard.

The order complained of because of its breadth appears to be unusual in its relation to a habeas corpus proceeding. It does pose a question whether, insofar as it purports to grant the relief sought by the petition without notice and hearing, it offends the fundamental requisites of due process. (See *Randone* v. *Appellate Department,* 5 Cal.3d 536, 547 [96 Cal.Rptr. 709, 488 P.2d 13] [cert. den., 407 U.S. 924 (32 L.Ed.2d 811, 92 S.Ct. 2452)]; *People* v. *Marsden,* 2 Cal.3d 118, 124-125 [84 Cal.Rptr. 156, 465 P.2d 44]; *Spector* v. *Superior Court,* 55 Cal.2d 839, 843 [13 Cal.Rptr. 189, 361 P.2d 909]; *In re La Opinion,* 10 Cal.App.3d 1012, 1019 [89 Cal.Rptr. 404].)

We observe, however, that even if it be assumed that there was invalidity in the August 18 order for failure to give notice to respondents, this appeal is unaffected by any such invalidity. The order to show cause directed respondents to file a return to the order on August 24 and to appear for a hearing on August 28. Respondents were given notice of this hearing and they did appear in response to such notice. We observe that they fully litigated the matters embraced in the order asserted to have been improperly issued ex parte and that such litigation occurred before the writ of habeas corpus was actually issued.

Appellants argue that they should not be bound by the order of August 18, but in effect, they are not. They are bound by the September 14 order which issued following notice and a hearing. If the August 18 order was invalid and should not have been followed, no prejudice occurred to respondents because they were placed in the very same position by the September 14 order, i.e., they were directed to allow counsel access to the files. Since this appeal is from the September 14 order, the invalidity of the August 18 order, even if assumed, is irrelevant.

■ We turn now to the main issue involving the propriety of the order

[2]Hereafter all dates, unless otherwise specified, have reference to the year 1972.

of September 14. Although appellants have taken the position that *all* the records of an inmate's central file are confidential because of various statutes and public policy, it appears that they now concede that certain documents in the central file do not come within the aegis of the claimed confidentiality. Thus, at the hearing below a witness for respondents, testifying with respect to the manual of the Department of Corrections (hereinafter the "Department") on the maintenance of inmate records and procedures and instructions for uniform use throughout the Department, stated that certain designated documents contained in the inmate's central file are disclosed to an attorney upon request as a matter of policy[3] while others are made available upon approval by someone on the correctional administrator level.

While this appeal was pending the People lodged with this court a proposed revision of the Record Officer's Manual and the memorandum entitled "Improving Validity of Case Information." These indicate a further waiver of confidentiality concerning the majority of the records in an inmate's file. Since the documents lodged with us containing the proposed procedures were not before the trial court they should not be considered relevant to this appeal. We take cognizance of them merely for the purpose of showing that the Department does not consider the great majority of the documents in an inmate's file to be confidential.[4]

The People maintain that there is a legitimate need for the confidentiality of certain records and that these should be disclosed only upon court hearing after need and relevancy has been shown. They assert that the Department has the privilege of withholding documents, in the absence of a waiver, and that the burden should be on the prisoner to establish the reason for and the need to disregard the privilege. Petitioners concede that the state has an interest in maintaining confidentiality in order to preserve institutional security and the security of informants and others who might be endangered by disclosure. They argue, however, that an inmate has a right to view those matters in his file which would not create a danger to institutional security or individuals and that the burden must be on the Department or the Authority to justify nondisclosure.

It appears, therefore, that all parties are in agreement that the state

---

[3] These documents are further categorized as follows: Those that are made available to an attorney who is interested in the inmate as a prospective client or a witness and those available to an attorney already representing the prisoner.

[4] Under these newly proposed procedures, the inmate will be given access to the documents in his file with the exception of those which "would endanger institutional or staff security, endanger the safety of another person or significantly impair the rehabilitation or adjustment of an inmate or parolee if communicated to him."

is entitled to keep confidential such records in an inmate's file which will create a danger to the security of individuals or the institution. The parties disagree on whether the other justifications for confidentiality outweigh the inmate's interests in obtaining the files and whether the inmate has the burden of showing that a particular document should be disclosed or whether the state has the burden of justifying nondisclosure.[5]

Petitioners rely on *In re Prewitt, supra,* 8 Cal.3d 470. In that case the Supreme Court, in a habeas corpus proceeding wherein the petitioner alleged that the Authority had improperly rescinded a prior grant of parole, addressed itself to the question whether the petitioner's rights were violated because the information on which the Authority had relied in rescinding his parole was submitted in the form of statements that were considered confidential, thereby denying the petitioner an opportunity to respond thereto.[6] In holding that the due process procedures delineated in *Morrissey* v. *Brewer, supra,* 408 U.S. 471, are not applicable to the proceedings by the Authority for fixing terms of and granting parole to prison inmates, the reviewing court, by way of dicta, made certain pertinent observations with respect to due process requirements in such proceedings.

We note the following significant statement: "When determining whether a procedure involved in the term-fixing or parole-granting process violates

---

[5]There is authority which supports appellants' claim that there is a valid state interest in keeping records confidential with respect to the first three reasons upon which the authority relies: (1) To protect individuals, including informants inside and outside of prison, and insure institutional security. (See *Morrissey* v. *Brewer,* 408 U.S. 471, 487 [33 L.Ed.2d 484, 497-498, 92 S.Ct. 2593]; *McCray* v. *Illinois,* 386 U.S. 300, 308-309 [18 L.Ed.2d 62, 69-70, 87 S.Ct. 1056]; *In re Prewitt,* 8 Cal.3d 470, 475-476 [105 Cal.Rptr. 318, 503 P.2d 1326]; *In re Harrell,* 2 Cal.3d 675, 691 [87 Cal.Rptr. 504, 470 P.2d 640] [cert. den., 401 U.S. 914 (27 L.Ed.2d 814, 91 S.Ct. 890)]; *In re Van Geldern,* 14 Cal.App.3d 838, 844 [92 Cal.Rptr. 592]; *People* v. *Marquez,* 259 Cal.App.2d 593, 600 [66 Cal.Rptr. 615] [cert. den., 393 U.S. 955 (21 L.Ed.2d 367, 89 S.Ct. 386)].) (2) To encourage candor and complete disclosure of information concerning inmates from both public officials and private citizens. (See Evid. Code, § 1040; *Chronicle Pub. Co.* v. *Superior Court,* 54 Cal.2d 548, 568-570 [7 Cal.Rptr. 109, 354 P.2d 637]; *City & County of S.F.* v. *Superior Court,* 38 Cal.2d 156, 162-163 [238 P.2d 581]; *Markwell* v. *Sykes,* 173 Cal.App.2d 642, 647-649 [343 P.2d 769]; *Runyon* v. *Board etc. of Cal.,* 26 Cal.App.2d 183, 184-185 [79 P.2d 101].) (3) To meet the requirements of certain statutes providing for the confidentiality of certain statements and recommendations submitted by the judge, district attorney and sheriff (Pen. Code, §§ 3046, 1203.01), or in response to notices given under Penal Code sections 3022 and 3042, and the limitation respecting the inspection of certain criminal records. (Pen. Code, §§ 11105, subd. (b), 11120, 11122-11125.) There is no authority for the proposition that the state has an interest in confidentiality to protect the rehabilitative relationship established between the correctional staff and the inmate and his family or acquaintances.

[6]These statements were on forms submitted under Penal Code sections 3022 and 3042.

due process, 'the reviewing court must consider the objectives sought to be achieved by the challenged procedure, the possible unfairness to the prisoner, and the availability of alternative procedures which are less burdensome to the prisoner.' [Citation.] While the Authority's right to receive relevant information from the notified parties, including the investigating agencies, is beyond question [citations], doubt remains as to that body's right to keep such information secret from the prisoner who may suffer unjustifiably if inaccurate statements are relied upon by the Authority in making its determination." (8 Cal.3d at p. 475.) In considering the question whether disclosure of these statements will endanger the sources of information and as a consequence will deprive the Authority of information essential to its functions because potential informants will be discouraged from confiding in the Authority, *Prewitt* observes that in cases of term fixing and parole granting the private interest of an inmate in his liberty outweighs the public interest in preserving confidentiality in the absence of considerations involving the life or liberty of an informant or other persons. (8 Cal.3d at p. 476.)

The rationale of *Prewitt* is that a policy of nondisclosure increases the potential of unfairness towards the inmate because he cannot intelligently decide what subjects to discuss at his predisposition interview (see Pen. Code, § 5077), nor can he challenge or refute information that might be false or inaccurate unless the prisoner learns what information the Authority has in its possession that is being considered with respect to the fixing of his term or granting him parole.[7] (8 Cal.3d at p. 476.)

We are disposed to accept the foregoing rationale of *Prewitt* as applicable to the present case even though the statements alluded to do not possess the force of a square holding. They are persuasive and were concurred in by the whole court after careful consideration. Accordingly, they are entitled to great weight. (See *Granger* v. *Sherriff,* 133 Cal. 416, 417 [65 P. 873].) The Supreme Court's language concerning the balance to be struck between the state's interest in maintaining confidentiality versus the

---

[7]In the present case petitioner Olson did not know why his parole was denied until his counsel was permitted to examine his file. That examination disclosed correspondence between the Authority and its counterpart in the State of Washington indicating that the Authority would not release Olson until it could ascertain how much time he would spend in prison in the State of Washington for an offense committed in that jurisdiction. Upon being apprised of this correspondence Olson alleged an abuse of discretion on the Authority's part and successfully gained his release. Such release would ordinarily moot this appeal as to Olson but we nevertheless proceed to determine the issue presented because petitioner Carter is apparently still incarcerated and because the issue is one of great public interest. (See *DiGiorgio Fruit Corp.* v. *Dept. of Employment,* 56 Cal.2d 54, 58 [13 Cal.Rptr. 663, 362 P.2d 487].)

inmate's interest in obtaining liberty is a clear indication of how we should view the respective interests in the present case.

The views articulated in *Prewitt* make it clear that the burden is on the Department to show that it is necessary to maintain the confidentiality of a document, rather than on an inmate to prove its relevancy and need in a habeas corpus proceeding. *Prewitt* indicates that an inmate has a due process right to see the documents in the Authority's possession. (8 Cal.3d at p. 476.) We observe that the Authority is a component part of the Department and that *Prewitt's* reference to the Authority is equally applicable to records in the possession of the Department. (See Pen. Code, §§ 5000, 5001.)

Appellants argue that documents in the inmate's file are not public records and, since they are privileged by statute and public policy, are not subject to inspection by an inmate or his counsel. Such statutes and public policy must be considered in view of the thrust of *Prewitt* to mean that there is no absolute privilege but, rather, that the privilege so provided by statute or the privilege claimed to exist pursuant to public policy may only be exercised in order to afford due process within the parameters delineated by *Prewitt*. Accordingly, the case authority which appears to support appellants' position (see *In re Harrell, supra,* 2 Cal.3d 675, 691; *Alanis* v. *Superior Court,* 1 Cal.3d 784, 787 [83 Cal.Rptr. 355, 463 P.2d 707]; and see *Yarish* v. *Nelson,* 27 Cal.App.3d 893, 900-903 [104 Cal.Rptr. 205]) with respect to this issue may not be interpreted to mean that the privilege afforded by the statutes and public policy is an absolute privilege.

We conclude, therefore, that the order appealed from was a proper one under the circumstances presented to the court below. We apprehend that because the issue whether the private interest of an inmate in his liberty outweighs the public interest in preserving confidentiality will arise in future cases of term fixing and parole granting, it is in order that we suggest appropriate procedures. Since the Department and its component agencies are under the obligation, in the first instance, to disclose to an inmate or his attorney all documents in the files pertaining to him upon request, such documents shall be made available to the inmate or his attorney upon receipt of such request. If, in the judgment of the Department, the security of the institution will be jeopardized or an informant will be exposed to an undue risk of harm by the disclosure of a particular document, the Department may refuse to make available to the inmate or his attorney any document deemed to have such potentiality provided, that in conjunction with the refusal, the Department make known to the inmate or his attorney the general nature of the document withheld and the reason for

nondisclosure. If the inmate disagrees with the Department's justification for withholding the document from his perusal, or the propriety of the Department's determination, review thereof can be had through a habeas corpus petition filed by the inmate. Upon the presentation of such petition to the court, and upon its request, the document in question shall be forwarded to the court for its private perusal for the sole purpose of determining whether it is clothed with the indicia of confidentiality justifying nondisclosure. If the sole issue before the court is the question of disclosure it appears that the court may issue its order forthwith granting or denying the writ. (See Pen. Code, § 1476.)

Adverting to the suggested procedure of private perusal by the court of the document or documents in question, we deem such procedure to be an expedient one in view of the need to balance the respective rights of the inmate and the state in accordance with the views articulated in *Prewitt*. In the achievement of this objective both the inmate and the state must, of necessity, put their trust and faith in the judiciary.

The order is affirmed.

Sims, J., and Elkington, J., concurred.

A petition for a rehearing was denied April 4, 1974, and appellants' petition for a hearing by the Supreme Court was denied May 1, 1974. McComb, J., Burke, J., and Clark, J., were of the opinion that the petition should be granted.