[Crim. 14494. First Dist., Div. One. Apr. 19, 1976.]

In re CHESTER SMITH on Habeas Corpus.

## COUNSEL

Paula F. Schmidt, under appointment by the Court of Appeal, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart and Douglass Garibaldi, Deputy Attorneys General, for Respondent.

## OPINION

**SIMS, J.**—Petitioner on October 2, 1973, was committed to Atascadero State Hospital pursuant to the provisions of section 1026 of the Penal Code, following a finding that he was insane at the time he committed an assault in violation of subdivision (a) of section 245 of the Penal Code. By his petition for habeas corpus he sought review of proceedings under subdivision (c) of section 7375 of the Welfare and Institutions Code[1] in

---

[1]Subdivision (c) of section 7375 then provided: "(c) Whenever any such person has been confined in a state hospital for 90 days or more, after having been committed to a state hospital under the provisions of Section 1026 of the Penal Code in a criminal proceeding in which the offense alleged to have been committed by such person was punishable by a penalty other than death, and the medical director is of the opinion that the person has improved to such an extent that he is no longer a danger to the health and safety of others and that the person will receive benefit from parole, the medical director may certify said opinion to the committing court. Within 30 days after the receipt of certification, after notice to the prosecuting attorney, the court shall, *after a hearing in open court*, approve or disapprove such recommendation. If the approval of the court is given, the medical director of the hospital may parole the person under such terms and

which the trial court on April 29, 1975, disapproved the recommendation of the medical director of the hospital that he would receive benefit from parole. He contended that the superior court disposed of the matter of his parole without the requisite statutory hearing, that he was denied due process of law and equal protection of the laws, and his right to have counsel present at all stages of the proceedings.[2]

The petition originally filed in the Second Appellate District was transferred to this district by the Chief Justice at the request of the Presiding Justice of Division One of the former district. We issued an order to show cause directed, as amended, to the trial court to show cause why the relief prayed for by petitioner should not be granted and appointed counsel for petitioner. The Attorney General filed a return, petitioner's counsel filed a reply and the matter was set for hearing.

■ Shortly prior to the hearing we were advised by petitioner's counsel that petitioner had secured his release on parole. She requested

---

conditions as the medical director specifies. The parole may include releasing the person to the custody of the local mental health facility in the county from which the person was committed, for one or more periods not to exceed 30 days in each case, to facilitate the adjustment of the person to the community pending a determination with regard to his restoration of sanity. The parole shall be on the same general terms and conditions as parole of the mentally disordered committed under the provisions of this code. If the court disapproves of such recommendation, no further recommendation for parole shall be made by the medical director until six months have elapsed from the date of the last preceding recommendation." (Italics added.)

The emphasized language was added to subdivision (c) in 1974 (Stats. 1974, ch. 326, § 1) when section 7375 was recast and the provisions formerly contained in subdivision (b) of that section were incorporated in subdivision (c). (Cf. Stats. 1969, ch. 866, § 1, and earlier provisions as found in legislative history, following § 7375 in Deering's Welf. & Inst. Code Anno.)

In 1975 effective January 1, 1976, section 7375 together with related sections of the Penal Code and the Welfare and Institutions Code were extensively amended. (Stats. 1975, ch. 1274.) The amendments to section 7375, subdivision (c), are referred to below.

[2]See *Morrissey* v. *Brewer* (1972) 408 U.S. 471, 482 [33 L.Ed.2d 484, 495, 92 S.Ct. 2593] [parole revocation]; *Gee* v. *Brown* (1975) 14 Cal.3d 571, 575 [122 Cal.Rptr. 231, 536 P.2d 1017] [rescission of prospective parole]; *In re Bye* (1974) 12 Cal.3d 96, 103 and 110 [115 Cal.Rptr. 382, 524 P.2d 854] [revocation of narcotic parole]; *In re Sturm* (1974) 11 Cal.3d 258, 270 and 272 [113 Cal.Rptr. 361, 521 P.2d 97] [parole release]; *In re Love* (1974) 11 Cal.3d 179, 185-189 and 191 [113 Cal.Rptr. 89, 520 P.2d 713] [parole revocation]; *In re Prewitt* (1972) 8 Cal.3d 470, 474-476 [105 Cal.Rptr. 318, 503 P.2d 1326] [recession of prospective parole]; *In re Franklin* (1972) 7 Cal.3d 126, 148-149 [101 Cal.Rptr. 553, 496 P.2d 465] [release of committed insane defendant under Pen. Code, § 1026a]; *In re Olson* (1974) 37 Cal.App.3d 783, 789-790 [112 Cal.Rptr. 579] [parole release]; *Kravitz* v. *State of California* (1970) 8 Cal.App.3d 301, 302 [87 Cal.Rptr. 352] [release of committed insane defendant under Pen. Code, § 1026a]; and *In re Jones* (1968) 260 Cal.App.2d 906, 910-911 [68 Cal.Rptr. 32] [*id.*].

that the matter be determined in any event, because the parole procedure under section 7375 was a matter of public importance. The Attorney General urged that the petition be dismissed as moot because petitioner has obtained the parole which he sought. In *In re William M.* (1970) 3 Cal.3d 16 [89 Cal.Rptr. 33, 473 P.2d 737], the court in an analogous situation ruled as follows, "[I]f a pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot." (3 Cal.3d at p. 23. See also *In re Law* (1973) 10 Cal.3d 21, 23 [109 Cal.Rptr. 573, 513 P.2d 621].) The question of the procedure to be followed by the trial court under the provisions of subdivision (c) of section 7375 is recurring and is of general importance.

The record reflects that on April 22, 1975, the medical director certified that petitioner would benefit from parole.[3] The letter was accompanied by copies of a three-page "Hospital Case Summary" and a "Post Hospital Goal Attainment Work Sheet." The court minutes for April 29, 1975, recite: "This cause comes on regularly this day for *Hearing on Motion pursuant 7375 (c) W&I Code* [¶] Defendant (is) (is not) present. Defendant's Counsel __C. Floyd not__ , present. Defendant in Atascadero State Hospital. [¶] People object to granting request for Parole, The Court finds from report that the defendant requires daily Anti-psychotic medication and if he were released on Parole the defendant would be unlikely to take medication. In view of the defendant's background, application pursuant 7375 (c) W&I Code, denied."

---

[3]His letter states:

"Chester Smith was committed by your court on October 2, 1973, under Section 1026 of the California Penal Code after having been found not guilty by reason of insanity on a charge of stabbing a man with a sharpened stick. The diagnosis made at this hospital is Schizophrenia, paranoid type.

"This is just to certify that in my opinion this patient, as a result of hospitalization and treatment has improved to the point that he is capable of returning to society, but not well enough to be certified under Section 1026(a) of the Penal Code *without* antipsychotic medication. I believe that he is no longer a menace to the health and safety of others and will benefit from parole. I propose that this patient be placed on indefinite leave status to be supervised by the Community Services Section of Department of Health.

"This patient has made significant progress in the treatment program and his behavior is now stabilized by antipsychotic medication. He remains free of any symptomatology while on medication and realizes the need for continuing medication.

"This certification is made in accordance with the provisions of Section 7375(a) of the Welfare and Institutions Code. A reply is respectfully requested within 30 days regarding the Court's approval or disapproval of this recommendation."

We do not reach the constitutional issues presented by petitioner. (See fn. 2 above.) We believe the matter is one of statutory construction, and that the Legislature intended by the addition of the language "after a hearing in open court" (see fn. 1 above), to provide that the prospective parolee or his attorney, as well as the prosecuting attorney, should have an opportunity to be heard in cases where approval of the recommendation was not to follow as a matter of course. It is unnecessary to pursue the matter further. The 1975 legislation has clarified the matter by providing in pertinent part as follows: "Within 30 days after the receipt of the certification, after notice to *the person,* the prosecuting attorney, *the attorney of record for the person, and the county mental health director or his designee,* the court shall, after a hearing in open court, approve or disapprove such recommendation." (Stats. 1975, ch. 1274, § 22, part; italics added.) It may be assumed that committing courts will follow the statutory proceedings in the future.

The order to show cause, having served its purpose, is discharged, and the writ of habeas corpus is denied.

Molinari, P. J., and Elkington, J., concurred.