[Civ. No. 3270.    Third Appellate District.—June 4, 1927.]

## CARRIE M. JAMESON, Appellant, v. MARIN J. SHEPARDSON et al., Respondents.

[1] GIFTS — PURCHASE OF REAL PROPERTY — AGREEMENT TO ASSUME CONTRACT.—In this action to recover possession of real property and to quiet title thereto, it is held that an agreement under which defendants undertook to relieve plaintiff from obligations which she had assumed upon entering into the contract to purchase the land and plaintiff agreed to assign her interest under the sale contract did not constitute a gift, within the meaning of section 1146 of the Civil Code.

[2] ESCROW—PERFORMANCE—TIME.—Performance must be made within the time limited by the escrow agreement, and the depositary has no authority to accept performance thereafter, but, in the absence of a stipulation as to time, performance within a reasonable time is sufficient.

[3] ID.—TERMS OF AGREEMENT—TIME.—Time will not be held to be of the essence of an escrow agreement unless it is clearly so specified.

[4] VENDOR AND VENDEE—CONTRACTS—PAYMENT—SUBSTANTIAL PERFORMANCE—EQUITY.—Where an agreement has been executed for the purpose of securing payment of a certain sum of money under a land contract on a particular day, and such sum was paid before there had been any default or forfeiture under the agreement calling for its payment, there was a substantial compliance, and a court of equity is not authorized under such circumstances to annul the agreement and deprive the party paying of property rights upon a technical objection that he failed to deposit one-third of the gross receipts of the property.

(1) 28 C. J., p. 620, n. 8, p. 623, n. 44.    (2, 3) 21 C. J., p. 882, n. 84, 86.    (4) 39 Cyc., p. 1596, n. 44.

APPEAL from a judgment of the Superior Court of Madera County.    Stanley Murray, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Edward Bickmore and Conley, Conley & Conley, for Appellant.

3.    See 10 Cal. Jur. 954; 10 R. C. L. 636.

Arthur Allyn for Respondents.

PLUMMER, J.—Plaintiff began this action to recover' possession of 9.57 acres of land situate in the county of Madera, state of California, to quiet her title thereto and for other relief. Defendants had judgment and plaintiff appeals.

This action involves the question of the performance of the conditions of a certain agreement entered into between the plaintiff and Marin J. Shepardson, dated February 16, 1924.

The record shows that on or about the third day of August, 1923, the plaintiff entered into a written contract with the Sierra Vista Lands, Inc., to purchase the 9.57 acres of land above referred to; that on the sixteenth day of February, 1924, there remained due on the contract with the Sierra Vista Lands, Inc., certain payments, falling due and in the amounts here stated, to wit: $1,510 on August 3, 1924; $1,887.50 on August 3, 1925, and $1,887.50 on August 3, 1926, together with interest thereon at the rate of six per cent per annum.

The agreement with the Sierra Vista Lands, Inc., contained the following condition: "In the event that the buyer defaults in the payment of any sum of money herein agreed to be paid when the same becomes due hereunder, or shall make default in performing any of the covenants or conditions herein contained, by him to be kept and performed, and if any such default shall continue for a period of thirty (30) days, then the seller, at its option, shall have the right to immediately terminate this agreement and enter into and take possession of said land, and the whole thereof."

The agreement further provides that in such a contingency the buyer forfeits all right to recover any payments made previous to the taking of the possession of the premises by the seller.

On the sixteenth day of August, 1924, the plaintiff and the defendant, Marin J. Shepardson, entered into an agreement concerning said premises, which agreement states the reasons for the entering into such agreement, and so far as material here is in the following words and figures:

"This agreement made and entered into this 16th day of February, 1924, between Carrie M. Jameson, of the County of Merced, State of California, the party of the first part, and Marin J. Shepardson, of the County of Madera, State of California, the party of the second part, witnesseth:

"That, whereas, the party of the first part has heretofore purchased under contract from the A. R. Bishop Company, Inc., a certain tract of land, consisting of about 10 acres, near Minturn in the County of Madera, State of California, together with certain buildings and improvements thereon; and,

"Whereas, said party of the first part feels unable to carry on the business for which said property was purchased and is desirous that said property and business be properly managed and handled; and, whereas, the party of the second part and her husband, Clyde Shepardson, are willing to undertake the management of said property and business and assume the contract heretofore entered into by the party of the first part;

"Now therefore, it is mutually agreed by and between the parties hereto as follows:

"The party of the first part agrees to transfer and assign to the party of the second part her interest under said contract, said assignment to be placed in escrow and to be delivered to the party of the second part on August 3rd, 1924, in the event that the covenants to be performed by the party of the second part are duly performed; said assignment shall be a gift by the party of the first part to the party of the second part, of the interest of the party of the first part under said contract and in and to said land. The party of the second part agrees that in consideration of the foregoing, she and her said husband will carry on, conduct and manage said business and said property in a diligent, careful and competent manner and will exert every energy to make said business a success.

"Said party of the second part further agrees that she and her said husband will render to the party of the first part a monthly statement of said business showing the receipts and expenditures thereof and in general the condition of said business, said monthly statement to be rendered on the first day of each month.

"Said party of the second part further agrees that not less than one-third of the gross receipts of said property and business shall be deposited in the Chowchilla National Bank of Chowchilla, to the credit of Carrie M. Jameson and Marin J. Shepardson, and that no money deposited in said account shall be withdrawn therefrom except upon check signed by both Carrie M. Jameson and Marin J. Shepardson; it being understood and agreed that said money so deposited in said account shall be applied upon the payment due to the said A. R. Bishop Company, Inc., on account of the purchase of said property, on August 3rd, 1924.

"It is understood and agreed that the party of the first part shall reserve the privilege of building a home on one-half acre of said land, within one year from date, and that if said party of the first part shall desire to build such home one-half acre shall be granted to her by the party of the second part.

"In witness whereof, the parties hereto have hereunto set their hands the day and year first above written, executing in duplicate.

"CARRIE M. JAMESON,
"Party of the first part.
"MARIN J. SHEPARDSON,
"Party of the second part."

At the same time, and as a part of the same transaction, the plaintiff executed an assignment in favor of Marin J. Shepardson of all and singular the rights acquired in and to the premises hereinbefore referred to obtained by her under and by virtue of the contract of purchase theretofore entered into with the Sierra Vista Lands, Inc., and of the contract so entered into with the said land company. This assignment was consented to and approved by the Sierra Vista Lands Company. The agreement entered into between the plaintiff and the defendant, Marin J. Shepardson, and the assignment just mentioned were drawn by one A. R. Schottky, and the latter instrument was left with the said Schottky, to be delivered to the defendant, Marin J. Shepardson, upon compliance with conditions mentioned in the agreement entered into between her and the plaintiff. The witness, Schottky, testified that there were no written instructions given to him concerning the delivery of the agree-

ment to the defendant, but that certain oral instructions were given to him, of which he made a memorandum upon the envelope in which the assignment was inclosed, when he placed it in a safe in his office. This witness testified that the assignment was to be delivered by him to the defendant if the payment called for in the contract with the Sierra Vista Lands, Inc., Company, to be made on August 3, 1924, was complied with. His version of what the plaintiff stated when the assignment was delivered to him in escrow is as follows: "If the payment is made, so I am not stuck on this contract to the Sierra Vista Company, then this is to be delivered to Marin," and further, in reply to the court, the witness said: "She (referring to the plaintiff) made it very clear and definite to me that this was to be delivered to Marin J. Shepardson if the payment to the Sierra Vista Company was made," and further, upon cross-examination, the escrow agreement was drawn first and the assignment drawn second. "I remember this, before they left the office, and that assignment was acknowledged by Mrs. Jameson, that either by question of mine, or by direct word from her to me, that that understanding was repeated, and so when she left there, I put those instruments, the assignment, away with the understanding that I got from her that it was to be delivered when the payment was made. . . . the last thing I got from them, was this escrow proposition, because naturally I wanted to make that clear to myself, as to just how I was holding that, because I was charged with the responsibility as escrow holder."

The controversy in this case revolves entirely around that part of the agreement, dated February 16, 1924, which provides that "the party of the second part shall deposit not less than one-third of the gross receipts of the property and business in the Chowchilla National Bank of Chowchilla, to the credit of Carrie M. Jameson and Marin J. Shepardson, and that no money deposited in said account shall be withdrawn therefrom except upon check signed by both Carrie M. Jameson and Marin J. Shepardson; it being understood and agreed that said money so deposited in said account shall be applied upon the payment due to the said A. R. Bishop Company, Incorporated, on account of the purchase of said property, on August 3rd, 1924."

It may be here stated that the A. R. Bishop Company was the representative of the Sierra Vista Lands Company, and was attending to the business of the company, in so far as the payment of the lands was concerned mentioned in the agreements under consideration. The testimony shows that this provision of the contract was not strictly complied with, in so far as it required the deposit of certain moneys in the Chowchilla Bank, but the testimony does show that the $1,510 required to be paid to the Sierra Vista Lands Company on the third day of August, 1924, but under the terms of the contract executed and delivered to the plaintiff and assigned by her to the defendant, Marin J. Shepardson, thirty days were allowed within which to make any such payment before a default could be declared. This appears from the provisions of the land company's contract, which we have hereinbefore set forth. The testimony also shows that instead of making the deposits of money in the Chowchilla National Bank, as called for in the agreement with the plaintiff, the defendants, with the knowledge of the plaintiff, spent several hundred dollars in making improvements upon the property.

The court also found that the plaintiff waived the deposit of the portion of the proceeds of the business in the Chowchilla Bank, as called for therein. This finding is challenged as not being supported by the evidence. Whether such finding is or is not sufficiently supported, we think wholly immaterial.

Upon being presented with proof of the payment of the sum of $1,510 by the defendants, as called for in the contract of sale executed by the Sierra Vista Lands Company, the escrow-holder, Schottky, delivered the assignment to the defendant Marin J. Shepardson.

With these circumstances existing and transactions being had, the appellant sought recovery of the premises, the annulling of the delivery of the assignment, and the setting aside of the agreement entered into between her and the defendant, Marin J. Shepardson, and a decree of the court quieting plaintiff's alleged title to the premises.

[1] In the court below, and upon appeal, the contention is made that the agreement between the plaintiff and the defendant, Marin J. Shepardson, constituted only a gift,

that being a gift the plaintiff was entitled to have the contract complied with strictly, or according to the letter thereof. While the contract uses the word "gift," it is evident from the reading thereof and the obligations to be performed by the defendant and the undertakings on her part therein set forth, that the transaction was not and is not a gift. Section 1146 of the Civil Code defines a gift, "a gift is a transfer of personal property, made voluntarily, and without consideration." In 28 Corpus Juris, 620, we find the word "gift" defined as follows: "A gift has been defined as a voluntary transfer of property by one to another, without any consideration or compensation therefor. The term is also used to designate that which is given; anything given or bestowed; any piece of property which is voluntarily transferred by one person to another without compensation. A gift is a gratuity, and not only does not require a consideration, but there can be none; if there is a consideration for the transaction it is not a gift. A gift is dependent upon no agreement, but upon the voluntary act of the donor only. The word 'gift' ordinarily applies to personal property only, but, in its larger signification, it applies to either realty or personalty." Measured by the authorities cited to support the text, which we have quoted from Corpus Juris, the agreement entered into between the plaintiff and the defendant, Marin J. Shepardson, cannot be classed as a gift. It was an undertaking on the part of said defendant to relieve the plaintiff from the obligations which she had assumed, when entering into the contract with the Sierra Vista Lands Company, which alone, irrespective of other considerations mentioned, took the agreement out of the category of gifts.

[2, 3] The paragraphs from the agreement entered into between the plaintiff and the defendant, Marin J. Shepardson, which we have last quoted, shows clearly the intent and purpose of the parties in providing for the deposit of the proceeds of the business in the Chowchilla Bank, to wit: The accumulation of a fund to be applied upon the payment coming due on August 3, 1924. That is the whole intent and purpose of the requirements set forth in the agreement concerning rendering of accounts and the deposit of money. While this was not strictly complied with, the testimony

shows that the agreement was substantially complied with, from the fact that the $1,510 were paid on the contract during the thirty days allowed therefor. It will be here observed that in the agreement entered into between the plaintiff and the defendant, Marin J. Shepardson, time is not made the essence of the contract. There is not one word in the contract which would justify the conclusion that the parties entering into the same had in mind or intended that the agreement should become of no force or effect unless the $1,510 were paid exactly on the third day of August, 1923, or if the specific portion of the proceeds of the business was not deposited in the Chowchilla Bank, nor, so far as the testimony shows, was there anything limiting the time when the assignment should be delivered to the defendant, Marin J. Shepardson, save and except the making of the payment called for in the land company's contract. Under such circumstances, the rule of law, stated in 10 Cal. Jur. 954, section 14, applies, to wit: "Performance must also be made within the time limited by the escrow agreement, if any, and a depositary has no authority to accept performance thereafter. If there is no stipulation as to the time within which performance of the condition must take place, performance within a reasonable time is sufficient; and time will not be held to be of the essence of the escrow agreement unless it is so clearly specified."

[4] We do not need to cite authorities to show that where an agreement has been executed for the purpose of securing the payment of a certain sum of money upon a particular day, that if the sum of money is paid before there has been any default or forfeiture under the agreement calling for its payment, that there has been a substantial compliance, and that a court of equity is not authorized, under such circumstances, to annul an agreement and deprive a party of property rights upon mere technical objections, none of which reach the substantial merits of the questions involved.

We have not set forth anything herein concerning the notices served by the plaintiff upon the escrow-holder and the defendants, in seeking to annul and have annulled the agreement and assignment herein referred to, as they do not affect anything which we have hereinbefore stated, or the

conclusions that have been arrived at in considering the matters determinative of this appeal.

The judgment of the trial court is affirmed.

Thompson, J., *pro tem.*, and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 1, 1927.