[Civ. No. 9318. Third Dist. Jan. 31, 1958.]

DANIEL E. O'CONNELL, Plaintiff and Respondent, v. FRANK ZIMMERMAN et al., Appellants; CHARLES S. MOORE, Defendant and Respondent.

Gilbert Moody and A. M. Frad for Appellants.

Daniel E. O'Connell, in pro. per., for Plaintiff and Respondent.

John A. Swenson for Defendant and Respondent.

WARNE, J., pro tem.*—This is an appeal by Frank and Bertha Zimmerman from a judgment in favor of the respondent, Charles S. Moore, for specific performance, allowing Moore damages for wrongful withholding of real property and for certain rentals and also allowing the respondent, Daniel E. O'Connell, costs incurred as escrow attorney and an attorney fee.

The appellants, Frank and Bertha Zimmerman, entered into an agreement whereby they agreed to sell to the respondent, Charles S. Moore, a business known as "Frank & Ma's Houseful of Fun" located in the City of Irwin, together with the fixtures, equipment, license and good will of the business and the premises on which the business was conducted, and also a "California State Board of Equalization On Sale Beer, and Wine License" issued to the sellers at the said place of business. The agreed price was $3,000 payable as follows: respondent Moore was to transfer an International tractor which was valued at $700; cash in the amount of $500, and a promissory note for $1,800 payable within one year and secured by a first deed of trust on the real property being sold. The agreement provided: "It Is Further Agreed that the consideration price is to be allocated as follows:

| | |
|---|---|
| Land | $2,000.00 |
| Business | 150.00 |
| On-Sale License | 50.00 |
| Fixtures and Equipment | 800.00 |
| | $3,000.00" |

The escrow agreement provided: (1) that "No notice, demand, or change of instructions shall be of any effect unless in writing." It also authorized ". . . the escrow attorney . . . [to] terminate the escrow and return papers and consideration for failure (1) to supply merchantable title, or (2) to deposit consideration." It also provided that ". . . recording shall be within 45 days, but may be thereafter if no contrary demand is made" and for payment of creditors within a reasonable time of the transfer of the license to respondent Moore. Respondent Charles S. Moore deposited with O'Connell, the escrow attorney, the $500 in cash, a bill of sale for the tractor and his note for $1,800 secured by a first deed of trust in favor of appellants as required by the agreement. The parties then applied to the Department of

---

*Assigned by Chairman of Judicial Council.

Alcoholic Beverage Control for a transfer of the on-sale beer and wine license. This application was denied on May 24, 1956.

Thereafter, on June 18, 1956, the escrow attorney received from the appellants a purported rescission of the contract reading as follows:

"You are hereby notified that the undersigned cancel and terminate their escrow with you entitled as above and request return of their papers. This cancellation and termination is for the reason, among others, that Moore has been denied permit for transfer to him of Beer and Wine License, thus reducing sellers' security on the transaction."

Apparently in answer to the above communication, the escrow attorney, on June 28, 1956, by letter advised the Zimmermans as follows:

"Please be advised that Mr. Charles S. Moore has signed and executed all necessary instruments in order to consummate the sale and transfer as provided for in your escrow agreement entered into April 3, 1956. He advised me, as escrow attorney, that he is quite willing to pay the purchase price as agreed, even though the restricted 'A' license covering beer and wine has been temporarily denied.

"It is my opinion that the escrow should be closed on the terms agreed upon and that your letter dated June 15, 1956, relative to cancellation of the escrow is without merit.

"You will please be advised that unless I hear from you within five (5) days from this date, I will file an action in the Superior Court of Merced County and interplead yourselves and Mr. Moore for legal determination of your respective rights.

"I trust you will give this matter your immediate attention."

Thereafter, on July 13, 1956, Attorney Lin Griffith, representing the Zimmermans, wrote a letter to the escrow attorney, stating that the Zimmermans wished to stand on their rescission, and giving as their only reason the fact that Moore's application for transfer of the beer and wine license was denied. The respondent escrow attorney then brought this action in interpleader wherein he prayed judgment that the parties be required to interplead together concerning their claim to the real and personal property and that he be awarded his costs and a reasonable attorney fee for labor and services in the matter of the escrow and for prosecuting this action. The appellants and respondent Moore each filed an

answer to the complaint, and respondent Moore with his answer filed a cross-complaint against the appellants for specific performance of the agreement and damages for withholding possession of the property.

Judgment was entered in favor of respondent O'Connell for his costs, one-half to be paid by appellants and one-half to be paid by respondent Moore, and also that appellants pay to O'Connell an additional sum of $100 as an attorney fee. Judgment was also in favor of respondent Moore as prayed for, except that the judgment excluded the California State Board of Equalization On-Sale Beer and Wine License.

 Appellants contend that the trial court erred in not permitting them to rescind after respondent Moore was denied a license by the Department of Alcoholic Beverage Control, and in support of this contention they urge that "the contract of the parties was entire in its nature and not intended to be severable as to its parts, [and therefore] . . . in an entire contract when a portion thereof becomes impossible in performance, the entire contract is void and a party may rescind it." In support of this contention they cite the case of *Lenchner* v. *Chase*, 98 Cal.App.2d 794 [220 P.2d 921], and argue that when there is an agreement to sell a business including a beer and wine license, and the Department of Alcoholic Beverage Control refuses to issue a license to the vendee, there is a total failure of consideration as to the seller. The cases indicate that this is true as to the buyer. However in that case it was found by the court that the parties contemplated that the consideration would be payable only if the license could be transferred and held that transfer of title to a licensed business can only coincide with the transfer of the license. There was no such finding in the instant case, and we do not believe that the contract or the facts bring it within the rule stated in *Lenchner* v. *Chase, supra.*

In the instant case the record shows that respondent Moore was buying not only a beer and wine license but also real and personal property which was apportioned in the contract. Further, the building was constructed so that it could be used for living quarters, and he testified that he intended to live on the premises. The contract price of the on-sale beer and wine license was only $50, while the price of the remaining real and personal property amounted to $2,950, and as we have stated, the items of the real and personal property were segregated as to price. In *Pacific Wharf etc. Co.* v. *Standard American Dredging Co.*, 184 Cal. 21, 25 [192 P.

847], the court said: "The rule is well settled that where several things are to be done under a contract, if the money consideration to be paid is apportioned to each of the items to be performed, the covenants are ordinarily regarded as severable and independent." ■ And in *Simmons* v. *California Institute of Technology,* 34 Cal.2d 264, 275 [209 P.2d 581], the court held: "Generally speaking, the test of whether a contract is divisible is that if the consideration is single, the contract is entire, but if the consideration is apportioned, the contract may be regarded as severable. (*Traiman* v. *Rappaport,* 41 F.2d 336 [71 A.L.R. 475].) ■ And a contract may be severable as to some of its terms, or for certain purposes, but indivisible as to other terms or for other purposes. . . ." The items in the instant contract are so apportioned. (See also *Gross* v. *Maytex Knitting Mills,* 116 Cal.App.2d 705 [254 P.2d 163].)

■ The nature and purpose of the contract being such as to make it susceptible of apportionment and therefore severable, the trial court did not err by impliedly so finding. Nor could there be a failure of consideration insofar as appellants are concerned since Moore was willing to waive the transfer of the on-sale beer and wine license and still pay the $3,000—the consideration called for by the terms of the contract. The judgment so provided.

■ Appellants next contend that the buyer did not comply with the escrow agreement so as to enable the buyer to obtain specific performance.

One of the conditions of the escrow agreement was that disbursement to creditors was to be made within a reasonable time after transfer of the on-sale beer and wine license. The agreement also provided for recording within 45 days thereafter if no contrary demand was made. Neither condition was complied with. However, appellants by failing to execute and deposit with the escrow attorney a grant deed to the real property prevented recordation, thereby preventing payment to the creditors, since the provision unquestionably meant that the creditors were to be paid after performance by both sides. Therefore, appellants are in no position to complain of a breach of a duty brought about by their default. Nor is the mere fact that the license was not transferred within 45 days in and of itself vital since time was not of the essence of the escrow agreement. (*Jameson* v. *Shephardson,* 83 Cal.App. 596 [257 P. 157].) ■ Appellants also contend that since respondent Moore did not notify them or the escrow agent

in writing that he was willing to accept the property and business without the on-sale beer and wine license, he was breaching the terms of the agreement and was therefore not entitled to specific performance. We do not believe that there is any merit in this contention. Section 3392 of the Civil Code provides: ''Specific Performance cannot be enforced in favor of a party who has not fully and fairly performed all the conditions precedent on his part to the obligation of the other party, except where his failure to perform is only partial, and either entirely immaterial, or capable of being fully compensated, in which case specific performance may be compelled, upon full compensation being made for the default.'' The contract being severable, this case falls clearly within the exception mentioned in the code section. Respondent Moore's failure to obtain an on-sale beer and wine license was at most only a partial failure of performance resulting in no loss or damage to appellants. Moore was the only loser thereby. Nor was there any change of instructions required to be in writing involved in the transaction. Moore merely waived a benefit to which he alone was entitled, that is the transfer of the on-sale beer and wine license to him.

It is next contended by appellants that respondent Moore should have delivered the tractor to them. We assume that they mean an immediate physical delivery of the tractor itself. That was not required by the contract. The contract states: ''The Buyer is to transfer to Sellers one (1) International Tractor . . .'' The trial court found that Moore did deliver a bill of sale for the tractor to the escrow agent. Such constituted transfer of the tractor pending consummation of the escrow.

Appellants next argue that the rental value of the premises and the amount of damages were improper. Since there is substantial evidence in the record to sustain the trial court's finding concerning these matters, this court must sustain those findings.

Appellants also contend that the allowance of an attorney fee and costs to the escrow attorney is improper. The court allowed the respondent O'Connell $194.38 costs as escrow agent and the further allowance of $100 as a reasonable attorney fee. The respondent O'Connell is an attorney at law and engaged in the practice of law in this state, and the record shows that he appeared in propria persona in bringing and prosecuting this action in interpleader.

Section 386.6 of the Code of Civil Procedure (added in

1955) so far as pertinent, provides: "A party to an action who follows the procedures set forth in Section 386 or 386.5 [Code of Civil Procedure] may insert in his . . . complaint . . . a request for allowance of his costs and reasonable attorney fees incurred in such action." The section further provides that: ". . . the court may, in its discretion, award such party his costs and reasonable attorney fees from the amount in dispute which has been deposited with the court." Section 386 of the Code of Civil Procedure has to do with interpleader. It is to be noted that only such reasonable attorney fees as have been "incurred" may be requested. Respondent O'Connell did not incur a liability to pay an attorney fee since he represented himself, and the allowance of such was improper. ■ When an attorney represents himself in an action he may not recover the reasonable value of his fee, for he has paid no fee nor has he incurred any liability to pay an attorney fee. (*City of Long Beach* v. *Sten,* 206 Cal. 473, 474 [274 P. 968] ; *Patterson* v. *Donner,* 48 Cal. 369.)

■ Lastly appellants contend that this action was not a proper case for interpleader. Since the appellants did not raise the issue of the right of the plaintiff to use the remedy of interpleader while litigating this matter before the trial court, the question may not be raised on appeal. Where the defendants and interpleader have fully litigated their claims without objection, they will be deemed to have consented to the remedy invoked and may not later object that the complaint did not state a cause of action for interpleader. (*Conner* v. *Bank of Bakersfield,* 183 Cal. 199, 202-203 [190 P. 801].)

The judgment is affirmed except that portion thereof which allows the respondent Daniel E. O'Connell $100 attorney fees and as to that portion the judgment is reversed. It is further ordered that respondent Charles S. Moore, recover from appellants his costs on appeal and that respondent Daniel E. O'Connell suffer his own costs on appeal.

Van Dyke, P. J., and Peek, J., concurred.