William S. ELLIS, Jr.,
Plaintiff-Appellant,

v.

David B. CASSIDY, Aaron M. Chaney, Tim Fook Tom, U. S. Fidelity & Guaranty Company, a Foreign Corporation, Security Title Corporation, a Hawaii Corporation, Lyman T. Harada, Katsuyo Harada, Stephen T. Harada, William F. Crockett, Edward F. Mason, Shackley F. Raffetto, Paul A. Lynch, and Don Jeffrey Gelber, Defendants-Appellees.

Nos. 79–4160, 78–2483 and 77–4009.

United States Court of Appeals,
Ninth Circuit.

June 20, 1980.

Rehearing Denied Aug. 26, 1980.

228

William S. Ellis, Jr., in pro. per. on brief.

Thomas M. Culbertson, Honolulu, Hawaii, on brief for Cassidy.

Wallace S. Fujiyama, Honolulu, Hawaii, on brief, for Gelber.

Roy F. Hughes, Honolulu, Hawaii, on brief for Chaney.

Before MERRILL and SNEED, Circuit Judges, and REED,* District Judge.

* Honorable Edward C. Reed, Jr., United States District Judge of the District of Nevada, sitting by designation.

MERRILL, Circuit Judge:

In 1964, Olinda Associates, a partnership, appellant Ellis's predecessor in title to land located on the Island of Maui, defaulted on its purchase money note and the mortgagees, Lyman T. and Katsuyo Harada, brought suit for foreclosure of the mortgage. A decree of foreclosure and sale was entered on March 24, 1966, and commissioners were appointed by the foreclosure court to conduct a sale of the premises. Ellis purports to have acquired the interest of his wife, one of the partners in Olinda Associates, by a deed dated December 28, 1966 (after the decree of foreclosure was entered). However, the deed was not recorded until December 1, 1972. On appeal to the Hawaii Supreme Court the decree of foreclosure was affirmed.

In 1972, Cassidy, a prospective purchaser, appeared on the scene, prepared to pay substantially more than the mortgage debt. His brokers contacted the commissioners and an auction sale of the premises was noticed. Ellis, from this point on, attempted to prevent the foreclosure sale from going forward and to establish a right to deal directly with Cassidy. The foreclosure sale, however, was held November 30, 1972, and the property was sold to Cassidy for $139,-000. On December 8, 1972, Ellis acquired all of the partnership interest on his assumption of the mortgage debt. Also in December, the commissioners petitioned the foreclosure court for confirmation of the sale to Cassidy. After trying unsuccessfully to have the hearing continued, Ellis petitioned the bankruptcy court in Hawaii for a chapter XII real property arrangement which included the mortgaged property. The foreclosure court, nevertheless, in January, 1973, confirmed the sale to Cassidy, and authorized the commissioners to execute a deed. On appeal to the Hawaii Supreme Court, the order was affirmed. In March, 1973, the bankruptcy court, on peti-

tion of the mortgagees and the commissioners, entered an order confirming the state court foreclosure sale. This order was appealed to this court. In December, 1973, the appeal was dismissed for failure to prosecute. Ellis then sought to remove the state action to federal court. The district court remanded the action to state court; this court dismissed Ellis's appeal from order of remand.

Thus, at this point, after nine years of litigious struggle, the mortgagees, the commissioners and the purchaser have prevailed on the law upon all points presented by Ellis and the partnership in opposition to the foreclosure sale.

Ellis then commenced this suit in the District Court for the District of Hawaii against all who were involved in the foreclosure action and sale, including attorneys for the interested parties. Ellis alleged that federal jurisdiction existed under 28 U.S.C. §§ 1331, 1343, and 2201, and under 42 U.S.C. §§ 1983 and 1985(3). The district court concluded that the action should be dismissed for failure to state a claim, or alternatively that summary judgment should be granted for defendants. Ellis appeals to this court.

### Dismissal of Appellant's Action

■ Ellis first alleges that dismissal for failure to state a claim was improper because matters external to the pleadings were before the court. Appellant misconceives the applicable law; Federal Rule of Civil Procedure 12(b)(6) provides that if matters external to the pleadings are presented to the court *and not excluded,* the motion shall be treated as one for summary judgment. Here, the court below expressly excluded from consideration all matters external to the pleadings; the court correctly entertained the motion to dismiss. *Cf. S & S Logging Co., Inc. v. Barker,* 366 F.2d 617, 622 (9th Cir. 1966).

■ The district court correctly dismissed appellant's suit. 28 U.S.C. § 1331 confers jurisdiction only where a federal question is otherwise at issue; it does not create federal jurisdiction. The federal questions appellant attempts to raise under the Bankruptcy Act were raised in the previous proceedings and are barred by the doctrine of *res judicata.* The declaratory judgment statute, 28 U.S.C. § 2201, does not create an independent basis for federal jurisdiction. *See Public Service Commission of Utah v. Wycoff Co.,* 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952).

■ Similarly, 28 U.S.C. § 1343 does not create an independent basis for federal jurisdiction, but only serves to confer jurisdiction where a federal cause of action is provided by one of the substantive sections of the Civil Rights Act. Ellis attempts to state a cause of action under two substantive sections of the Civil Rights Act. The district court correctly concluded that he has failed to do so. 42 U.S.C. § 1985(3) provides a federal cause of action for conspiracy to deprive the plaintiff of civil rights only where the plaintiff makes specific allegations of "class-based discriminatory animus." *Griffin v. Breckenridge,* 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1797–98, 29 L.Ed.2d 338 (1971). Despite appellant's having been afforded an opportunity to amend, his complaint remains barren of any such allegation.

Appellant has also failed to state a cause of action under 42 U.S.C. § 1983. Despite appellant's sweeping assertions of conspiracy and bad faith on the part of all involved, he has failed to allege facts which would permit the court to conclude that these assertions had substantive validity. The essence of appellant's complaint is simply that he has litigated and lost; this is not sufficient to demonstrate a conspiracy to deprive appellant of his civil rights. *See Campo v. Neimeyer,* 182 F.2d 115, 118 (7th Cir. 1950). Having litigated and lost the foreclosure action in state court, appellant is not entitled to federal relitigation under the ambit of 42 U.S.C. § 1983.

The district court having properly dismissed appellant's action for failure to state

**230**

a claim,[1] we need not consider whether the grant of summary judgment was also proper.

### Attorneys' Fees

 The district court concluded that appellant has brought suit "in bad faith and vexatiously" and awarded appellees attorneys' fees. It is "unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1972) (citations omitted). The Supreme Court has recently concluded that attorneys' fees may be awarded to a prevailing defendant in an action brought under the Civil Rights Act of 1964 without a showing of actual bad faith where the action is "unfounded," "meritless," "unreasonable," "frivolous," or "vexatiously brought." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). The Fifth Circuit has extended this standard to actions, such as the present one, to which 42 U.S.C. § 1988 applies, and the logic of this extension is obvious. *See Lopez v. Aransas City Independent School District*, 570 F.2d 541, 545 (5th Cir. 1978). In the present case, the district court could

properly conclude that at the very least appellant's claims were "frivolous" or "meritless."

 Appellant contends that attorneys' fees should not have been awarded to some appellees because their legal fees were covered by insurance. This argument is not persuasive. Courts have upheld the award of attorneys' fees in analogous situations where parties were represented by public interest law firms or foundations which would not charge them a fee. *See Fairley v. Patterson*, 493 F.2d 598, 606–07 (5th Cir. 1974). The Supreme concluded in *Christianburg Garment Co. v. EEOC, supra*, 434 U.S. at 420, 98 S.Ct. at 699, that the purpose of awarding attorneys' fees to a defendant in a civil rights case is to deter frivolous or harassing litigation; the fact that a defendant is insured is irrelevant to this purpose. Further, it is unlikely that defendant will receive a windfall.

 Appellant next contends that attorneys' fees should be denied to certain appellees who are attorneys and who represented themselves. The law in this area is far from clear.[2] Here, we conclude that the award was proper. The award of attorneys' fees in this case furthers the underly-

---

1. Appellant also contends that the court below acted improperly in granting Cassidy's motion to dismiss because the appeals already filed from dismissal of the claims against the other defendants divested the district court of jurisdiction. This contention is plainly at odds with the purpose and intent of Federal Rule of Civil Procedure 54(b), pursuant to which the earlier appeals were taken. *See Gaudiosi v. Mellon*, 269 F.2d 873 (3d Cir.), *cert. denied* 361 U.S. 902, 80 S.Ct. 211, 4 L.Ed.2d 157 (1959); 9 Moore's Federal Practice ¶ 203.11, at 3–54—3–55 & n. 43 (1980).

2. The federal courts have recently granted attorneys' fees to both attorneys and laypersons who have represented themselves in Freedom of Information Act (FOIA) suits. *See Cuneo v. Rumsfeld*, 553 F.2d 1360 (D.C.Cir.1977); *Jones v. United States Secret Service*, 81 F.R.D. 700 (D.D.C.1979); *Marschner v. Department of State*, 470 F.Supp. 196 (D.Conn.1979); *Holly v. Acree*, 72 F.R.D. 115 (D.D.C.1976), *aff'd by order sub nom. Holly v. Chasen*, 569 F.2d 160 (D.C.Cir.1977). However, these cases have emphasized the legislative history of the attorneys' fee provision of the FOIA and the public service performed by FOIA plaintiffs. *See Cuneo v. Rumsfeld, supra*, 553 F.2d at 1366. Outside the FOIA context, federal courts have traditionally denied attorneys' fees to the layperson who appears *pro se. See, e. g., Smith v. UPI*, 8 E.P.D. ¶ 9512, p. 5282 (S.D.N.Y.1974); *Bone v. Hibernia Bank*, 354 F.Supp. 310 (N.D. Cal.1973). No federal court appears to have considered whether attorneys' fees may be awarded to an attorney who represents himself in a non-FOIA case.

The state courts are divided as to whether attorneys' fees may be awarded to an attorney who represents himself. *See Annotation*, 78 A.L.R.3d 1119 (1977). *Compare Winer v. Jonal Corp.*, 545 P.2d 1094 (Mont.S.Ct.1976), and *Wells v. Whinery*, 34 Mich.App. 626, 192 N.W.2d 81 (Mich.1971) (attorneys' fees granted), with *O'Connell v. Zimmerman*, 157 Cal. App.2d 330, 321 P.2d 161 (Cal.1958), and *Los Angeles v. Hunt*, 8 Cal.App.2d 401, 47 P.2d 1075 (Cal.1935) (attorneys' fees may not be awarded since litigant has incurred no legal fees).

ing policy of discouraging frivolous or harassing litigation. *See Christianburg Garment Co. v. EEOC, supra,* 434 U.S. at 420, 98 S.Ct. at 699. The appellees have actually suffered pecuniary loss, since they have been required to take time away from their practices to prepare and defend the suit. *See Winer v. Jonal Corp.,* 169 Mont. 247, 545 P.2d 1095 (1976). Legal services have actually been performed. *See Wells v. Whinery,* 34 Mich.App. 629, 192 N.W.2d 81 (Mich. 1971). The difficulty of placing a dollar value on the legal services performed, present in the situation where a lay defendant represents himself, is largely absent in the case of an attorney who has established fees and billing practices. Further, these appellees did not seek out a chance for *pro se* litigation to compensate for an inactive practice; they were forced to defend against frivolous claims made by a plaintiff who is apparently bent on endless litigation. We conclude that attorneys' fees were properly awarded.

■ Finally, appellant relies on *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), in challenging the amount of the award. Here, appellant is on firmer ground. *Kerr* held that the lower court's failure to consider certain factors in determining the amount of attorneys' fees to be awarded constituted an abuse of discretion. 526 F.2d at 69–70. Here, the district court simply awarded the amount of attorneys' fees requested by the appellees; there is nothing to indicate that it considered the factors set forth in *Kerr.* Therefore, we conclude that remand is appropriate for the limited purpose of considering the amount of attorneys' fees to be awarded in light of the factors specified in *Kerr.*

The district court's order dismissing the action is affirmed.

The award of attorney fees to appellees Gelber, Lynch and Raffetto is vacated and the case is remanded to the district court for reconsideration of the issue in light of *Kerr.*