Elizabeth B. DUNCAN, et al.

v.

David B. POYTHRESS, et al.

No. C81–199A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 6, 1983.

Kathleen Kessler, pro se.

William F. Rucker, William B. Hollberg, David F. Walbert, Atlanta, Ga., for plaintiffs.

Arthur K. Bolton, Former Atty. Gen., Michael J. Bowers, Atty. Gen., Patrick McKee, Hamilton Lokey, Atlanta, Ga., for defendants.

## ORDER

RICHARD C. FREEMAN, District Judge.

This civil rights action, 42 U.S.C. § 1983, is before the court on (1) the application of plaintiff Kathleen Kessler for attorney's fees; (2) plaintiff Kessler's motion to compel answers to certain interrogatories served on the defendants as part of discovery related to the attorney's fees issue; (3) defendants' motion for a protective order with regard to those interrogatories; (4) defendants' motion to review taxation of costs; and (5) the application of William Hollberg for attorney's fees.

I. Plaintiff Kessler's Application for Attorney's Fees and Related Discovery Motions

Plaintiff Kessler's motion for an award of attorney's fees presents a question that has been alluded to but not decided by the courts of this circuit: whether a district court may award attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, to a pro se litigant who is also an attorney.

A prevailing party will be awarded attorney's fees from the losing party only upon a

clear and specific showing that Congress has provided for such an award by statute. *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983); *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 260, 95 S.Ct. 1612, 1623, 44 L.Ed.2d 141 (1975). In section 1988, Congress has authorized district courts to award reasonable attorney's fees to the prevailing party in civil rights litigation. However, section 1988 does not expressly either provide for or prohibit an award of attorney's fees to pro se litigants.

■ In *Cofield v. City of Atlanta,* 648 F.2d 986, 987–88 (5th Cir.1981) (Unit B), the former Fifth Circuit held that a prevailing pro se litigant cannot recover attorney's fees under section 1988. Although the court in *Cofield* noted that the plaintiff was not an attorney, *id.* at 987, the court gave no indication whether its holding applied to both pro se attorney litigants and pro se non-attorney litigants.[1]

In light of the holding of *Cofield,* the issue presented in the instant case is whether in enacting section 1988 Congress intended to draw a distinction between pro se attorney litigants and pro se non-attorney litigants. Nothing in the legislative history of section 1988 discloses such an intention. The purpose of section 1988 was summarized in *Cofield* as follows:

Elsewhere we have stated that an act allowing attorney's fees is "not passed for the benefit of attorneys but to enable litigants to obtain competent counsel...." *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 719 (5th Cir. 1974). Section 1988 was enacted two years after the rendering of the decision in *Johnson v. Georgia Highway Express,* and the legislative history of the act echoes our statement in that case. Congress specifically approved the standards established in *Johnson v. Georgia Highway Express* and its legacy, pointing out that "[t]hese cases have resulted in fees which are adequate to attract competent counsel, but which do not produce windfalls...." S.Rep. No. 94–1011, 94th Cong.2d Sess. 6, reprinted in [1976] U.S. Code Cong. & Ad.News 5908, 5913. Congress thought that awards of attorney's fees may be necessary because "[i]n many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer." *Id.* at 2, reprinted in [1976] U.S.Code Cong. & Ad.News, at 5910. "[I]f our civil rights laws are not to become mere hollow pronouncements which the average citizen cannot enforce, we must maintain the traditionally effective remedy of fee shifting in these cases." Id.

Thus, it is clear to us that the purpose of section 1988 is *not to compensate a worthy advocate but to enable and encourage a wronged person to retain a lawyer.* It is apparent that Congress thought that such people ought to have access to legal representation.

648 F.2d at 987–88 (emphasis supplied). *See also Grooms v. Snyder,* 474 F.Supp. 380 (N.D.Ind.1979). Thus, section 1988 is designed to assist average citizens who, were it not for the attorney's fees provision, would lack the ability to effectively pursue meritorious complaints. As the Senate noted in its report, civil rights laws "depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which those laws contain." S.Rep. No. 94–1011, 94th Cong.2d Sess. 6, *reprinted in* 1976 *U.S.Code Cong. & Ad.News* 5908, 5910. The primary concern of Congress was to increase the level of

---

1. In a subsequent opinion in a case involving a request for attorney's fees under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E), and the Privacy Act, 5 U.S.C. § 552a(g)(3)(B), *Cazalas v. United States Dept. of Justice,* 709 F.2d 1051 (5th Cir.1983), the present Fifth Circuit noted that the question whether a pro se attorney litigant could recover an attorney's fees award under section 1988 was "left open" in *Cofield.* 709 F.2d at 1055 n. 8. Notwithstanding the present Fifth Circuit's dictum in *Cazalas,* however, the failure of the court in *Cofield* to expressly limit its holding to one class of pro se litigants imparts a strong presumption against allowing an award for one class but not the other.

competence with which such complaints are prosecuted, not to make whole those who have been put to the time and trouble of advocating their own rights. *See Owens-El v. Robinson,* 694 F.2d 941, 942–43 (3d Cir. 1982).

The court notes that certain statements within the legislative history of section 1988 support the conclusion that the attorney's fees provision was designed, at least in part, to allow successful plaintiffs to recoup the costs of asserting their rights. For example, the Senate Report noted that

> [i]n many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.

*Id.* at 5910. Were this court writing on a clean slate, perhaps such a statement would persuade the court that section 1988 was designed to serve a make-whole purpose as well and that section 1988 permits a grant of the award sought by plaintiff Kessler in the instant action. However, the court sees no way to reconcile the allowance of such a compensatory award of fees to a pro se attorney litigant with the prohibition in *Cofield* of the recovery of such an award by one who happens not to be an attorney.

Plaintiff Kessler points out that the distinction between pro se attorney and non-attorney litigants has been drawn by the present Fifth Circuit in a case involving attorney's fees provisions of the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(E), and the Privacy Act, 5 U.S.C. § 552a(g)(3)(B).[2] In *Cazalas v. United States Department of Justice,* 709 F.2d 1051 (5th Cir.1983), that court permitted an award of attorney's fees to a pro se attorney litigant who had prevailed on her claims under both acts. The Fifth Circuit distinguished its holding in *Cazalas* from the holding of the former Fifth Circuit in *Barrett v. Bureau of Customs,* 651 F.2d 1087 (5th Cir.1981), denying fees under the FOIA to a pro se non-attorney litigant:

> Finally, the government contends that, since the Court has already refused to grant fees to pro se non-attorney litigants based on foregone income, there is no principled basis for reimbursing attorneys for income lost as a result of self-representation. This argument also fails. There are several commendable reasons for making the distinction urged by appellant. Congress sought to encourage legal representation; thus it makes sense to compensate lawyers for this work. Also, in compensating a pro se litigant, the only real measure of approximating fees incurred is the opportunity lost, or work foregone, due to the representation. This is relatively simple to value where the pro se litigant is an attorney, for the work foregone is of the same nature as that actually performed. Such is not the case for non-attorney pro se litigants.

709 F.2d at 1057 (citations omitted). The *Cazalas* court also noted that the FOIA and Privacy Act attorney's fees provisions not only act as incentives for private individuals to pursue vigorously their claims for information, but also serve deterrent and punitive purposes as well. *Id.*

The opinion in *Cazalas,* however, falls short of supporting the drawing of a similar

---

**2.** In several other cases involving attorney's fees requests, courts have noted in passing that the prevailing pro se plaintiff seeking attorney's fees was not a lawyer. *E.g., Wolfel v. United States,* 711 F.2d 66, 68 (6th Cir.1983); *Owens-El v. Robinson,* 694 F.2d 941, 942 (3d Cir.1982); *Pitts v. Vaughn,* 679 F.2d 311, 313 (3d Cir.1982); *Clarkson v. IRS,* 678 F.2d 1368, 1371 n. 3 (11th Cir.1982); *Barrett v. Bureau of Customs,* 651 F.2d 1087, 1090 (5th Cir.1981) (Unit A); *Crooker v. United States Dept. of Justice,* 632 F.2d 916, 921 (1st Cir.1980); *Hannon v. Security Nat'l Bank,* 537 F.2d 327, 328–29 (9th Cir.1976). Although these courts have noted, and thus lent some support to the drawing of, the distinction between pro se lawyer and non-lawyer litigants, none of these courts faced the question presented here—whether to permit awards to the one class but not the other—and thus their comments in this regard are not particularly helpful.

distinction in the instant case, for two reasons. First, the court in *Cofield* expressly disapproved of the application of FOIA cases as controlling authority in deciding attorney's fees requests brought under section 1988:

> In any event, we do not find these [FOIA] cases persuasive authority on the issue before us here. The history, language, and purpose of the [FOIA] differ significantly from those of the civil rights statutes; those differences often render decisions under one of the statutes inapposite to cases arising under the other.

648 F.2d at 988.[3] The court noted particularly that unlike the FOIA and Privacy Act provisions, section 1988 does not serve a punitive function. *Id.* at 988 n. 4.

Second, the *Cazalas* court's attempt to distinguish between the two classes of pro se litigants is not wholly convincing. Although it is true that a district court can readily calculate the reasonable value of representation by the pro se attorney litigant by examining the amount of work foregone, it is also true that in many, if not all, cases some nonarbitrary value can be assigned to the work foregone by a pro se non-attorney litigant. A plumber, teacher, or dishwasher, for example, could in most instances provide information from which a court could calculate the income foregone as the result of that person's work as a pro se litigant in a civil rights case. Moreover, while it does "make sense" for Congress to compensate lawyers as a means of encouraging legal representation, it makes equally good sense, especially given the *Cofield*

holding, to conclude that Congress intended to provide awards only for plaintiffs who actually seek and obtain independent representation.[4]

For the above reasons, the court concludes that it lacks the discretion to award attorney's fees to plaintiff Kessler under section 1988. The court therefore will deny her request. It follows from this denial that the pending discovery motions, which relate only to the amounts sought in her attorney's fees request, are moot.

## II. Defendants' Objections to Plaintiffs' Bill of Costs

Four bills of costs have been filed in this action since this court entered its order of February 2, 1983. William Rucker, one of the plaintiffs' attorneys, filed his bill of costs on February 14, 1983. Because it appears that Rucker has settled his claims for both costs and attorney's fees, releasing defendants from "any and all obligations to [him] arising out of the Order of the Court of April 29, 1981," see Settlement and Satisfaction of Attorney's Fees, filed May 3, 1983, the court will deny as moot the defendants' motion with respect to Rucker's bill of costs.

■ Plaintiff Kessler filed her first bill of costs on February 15, 1983. On two occasions since, she has submitted "amended" bills of costs, adding to her claims various expenses incurred in attempting to recover an award of attorney's fees. In light of this court's ruling that she is not entitled

---

**3.** For the same reasons, the decisions of state courts are not persuasive. Moreover, state courts have failed to reach consensus as to the grant or denial of attorney's fees to attorneys who represent themselves. *E.g., compare Winer v. Jonal Corp.,* 169 Mont. 247, 545 P.2d 1094 (1976), and *Wells v. Whinery,* 34 Mich.App. 626, 192 N.W.2d 81 (1971) (fee awards granted), *with O'Connell v. Zimmerman,* 157 Cal. App.2d 330, 321 P.2d 161 (1958), and *Los Angeles v. Hunt,* 8 Cal.App.2d 401, 47 P.2d 1075 (1935) (no legal fees actually incurred and therefore request for award denied).

**4.** Equally unpersuasive is the decision of the Ninth Circuit in *Ellis v. Cassidy,* 625 F.2d 227 (9th Cir.1980), allowing an award of attorney's

fees to pro se attorney defendants who had demonstrated that the plaintiff's civil rights suit had been brought in bad faith and vexatiously. The Ninth Circuit has apparently not addressed the question whether any pro se plaintiff or a pro se non-attorney defendant in such an action can recover such an award. *Cf. Hannon v. Security Nat'l Bank,* 537 F.2d at 328–29 (pro se non-attorney may not recover fees under Truth in Lending Act, 15 U.S.C. § 1640(a)). As the Ninth Circuit noted in *Ellis,* an award of fees for a defendant serves different purposes from those served by an award in favor of a prevailing plaintiff. 625 F.2d at 230–31; *see Dosier v. Miami Valley Broadcasting Corp.,* 656 F.2d 1295, 1301 (9th Cir.1981).

to such an award, these additional items may not be taxed as costs. Accordingly, the court will strike the plaintiff's amended and second amended bills of costs and will limit plaintiff Kessler's recovery of costs to any items correctly taxed in her original bill of costs of February 15, 1983.

■ Plaintiff Kessler may not tax as costs the fees paid to the clerk of this court at the initiation of this lawsuit on January 30, 1981. Those fees were listed in the bills of costs filed on May 29, 1981, and taxed on June 5, 1981. Moreover, plaintiff Kessler's bill of costs of February 15, 1983, was filed long after the entry of final judgment on April 29, 1981, and the present filing of her bill of costs as to items that were then taxable is untimely. *See* Local Court Rule 351.1. The stipulation of deferral cited by plaintiff Kessler on its face applies only to the issue of attorney's fees and does not support her assertion that the defendants agreed to defer consideration of other costs. Thus, the only costs taxable in the bill of costs of February 15, 1983, are those costs expended by the plaintiffs in opposing the defendants' motion for relief from judgment.

■ One item listed on the bill of costs, for printing a brief filed in the Supreme Court, is clearly not taxable in this or any other court. *See* Sup.Ct.R. 50.3. However, the record does not permit the court to determine whether the remaining items are taxable. Defendants charge generally that many of the expenses listed by plaintiff may not be taxed. They do not address specifically each of the items listed. Nor have they discussed any item in light of the holding of the Eleventh Circuit in *Dowdell v. City of Apopka, Florida,* 698 F.2d 1181, 1191 (11th Cir.1983), that "with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988." *Id.* at 1192. Plaintiff Kessler's filings have been no more elucidating. Although she has provided the court with photocopies of cancelled checks and copies of bills for particular expenses, she has not demonstrated that each was necessary to the plaintiff's opposition to the motion for relief from judgment. While it appears that a few of these expenses, dating from 1981 and early 1982, can bear no relation to the defendants' motion for relief from judgment, the relevance or necessity of most of the items cannot be determined.

■ In light of the above, the court will defer further consideration of the instant motion and will allow the parties an opportunity to supplement their filings with regard to the remaining items listed. *Cf. Johnson v. University College of the University of Alabama in Birmingham,* 706 F.2d 1205, 1209 (11th Cir.1983). Plaintiff Kessler will be permitted thirty (30) days from the date of entry of this order within which to file any such supplement. Defendants will be permitted thirty (30) days from receipt of any such supplement within which to file a response.

### III. William Hollberg's Application for Attorney's Fees

By letter dated September 17, 1983, William Hollberg has informed the court that the parties have reached agreement on the fees to be paid to Mr. Hollberg for his participation on behalf of the plaintiffs in this action. The court therefore will deem Mr. Hollberg's application withdrawn.

\*     \*     \*

Accordingly, plaintiff Kessler's application for attorney's fees is DENIED. Plaintiff Kessler's motion to compel answers to interrogatories and the defendants' motion for a protective order are DENIED as moot.

Defendants' motion for review of taxation of costs is DENIED as moot as to review of the bill of costs submitted by Mr. Rucker. As to the bills of costs submitted by plaintiff Kessler, the defendants' motion is GRANTED IN PART with respect to her amended and second amended bills of costs and with respect to certain items in the original bill of costs, identified above in this

order. Further consideration of defendants' motion with respect to review of the taxation of the remaining items is DEFERRED. The parties are PERMITTED to supplement their filings with respect to the remaining items as set forth above in Part II of this order.

The application of William Hollberg for attorney's fees is DEEMED withdrawn.

SO ORDERED, this 6th day of October, 1983.