793 F.2d 1293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGE W. SPITTAL, Plaintiff-Appellant
v.
RICHARD ZURZ, JUDGE, ET AL., Defendants,
RANDALL WEISSFELD, Defendant-Appellee.
 85-3382
 United States Court of Appeals, Sixth Circuit.
 5/7/86
 
 AFFIRMED
 N.D.Ohio
 ORDER
 BEFORE: ENGEL, CONTIE and RYAN, Circuit Judges.
 
 
 1
 Spittal, an attorney, appeals pro se from the district court's judgment granting attorney's fees to defendant Weissfeld. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Spittal filed a civil rights complaint against the judge, the referee, Spittal's ex-wife, and her attorney who were all involved in Spittal's domestic relations case. The district court dismissed his civil rights complaint. This Court affirmed that decision. Attorney Weissfeld then filed a motion for attorney's fees. The district court granted the motion for fees, but reduced the amount requested by Weissfeld.
 
 
 3
 A prevailing defendant is entitled to attorney's fees in a civil rights case only when the plaintiff's claim is frivolous, unreasonable, or groundless. Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422 (1978). In the present case, Spittal agreed to the property settlement in his divorce case and did not file a state court appeal. Considering these facts and the issues raised in Spittal's complaint, we agree with the district court that his case was frivolous and without foundation.
 
 
 4
 Spittal argues that defendant Weissfeld is not entitled to attorney's fees for the periods of time spent during this proceeding when Weissfeld was defending himself. However, such an award is proper because it discourages frivolous and harassing litigation. Ellis v. Cassidy, 625 F.2d 227, 230-31 (9th Cir. 1980). Spittal also argues that Weissfeld's brief on appeal to this Court was the same as his brief in the trial court, so he should not be awarded attorney's fees for the hours of time allegedly spent on preparation of a brief. The district court did consider such facts when it reduced Weissfeld's request from 42 hours to 25 hours. So the district court's award of fees was appropriate.
 
 
 5
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.