[L. A. No. 8499. In Bank.—February 14, 1929.]

CITY OF LONG BEACH (a Municipal Corporation), Respondent, v. THEODORE J. STEN et al., Defendants; WILLIAM ELLIS LADY, Appellant.

William Ellis Lady, *in pro. per.*, for Appellant.

Nowland M. Reid, City Attorney, and Geo. W. Trammell, Jr., Assistant City Attorney, for Respondent.

LANGDON, J.—This is an appeal from a judgment denying to defendant, William Ellis Lady, attorney's fees in a condemnation proceeding against his own property, which proceeding had been defended by him *in propria persona.*

The plaintiff filed this action in 1923 in the superior court in and for the county of Los Angeles to condemn certain property in the city of Long Beach, jointly owned by the defendants Sten and Lady. The latter is an attorney at law and appeared and defended on behalf of his co-owner and for himself, personally. An interlocutory judgment in the sum of $19,620 was obtained in their favor, and subsequent to the entry of judgment the plaintiff city passed an ordinance abandoning the condemnation proceedings and duly obtained a judgment and order dismissing the action against defendants. The appellant Lady, on behalf of himself and Sten, filed separate cost bills, claiming, among other items, $1500 as attorney's fees under section 1255a of the Code of Civil Procedure. Plaintiff moved

to retax the costs claimed as attorney's fees, and also moved to retax and disallow the costs claimed by Lady as attorney's fees, on the ground that the latter was an attorney at law and had appeared and defended in his own behalf. The court granted the motion to retax, fixing the amount of the attorney's fee for Sten at $375 and disallowing the attorney's fees as claimed by the defendant Lady.

Section 1255a of the Code of Civil Procedure, relating to the abandonment of condemnation proceedings, provides, in part, as follows: "Upon such abandonment, express or implied, on motion of defendant, a judgment shall be entered dismissing the proceedings and awarding the defendant his costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney's fees." It is contended by appellant that the foregoing section, having specifically provided for the allowance of costs and reasonable attorney's fees in connection with the abandonment and dismissal of a cause of action by the party initiating it, the mere fact that an attorney happened to be the owner of the property sought to be taken and defends for himself in his professional capacity, should not deprive him of just compensation for the time and legal services rendered. The position of appellant is supported by the English cases and by cases in some jurisdictions in this country. However, regardless of which rule may be the more desirable one, there are authorities in this state which we think are so closely analogous to the problem presented in the instant case as to have established a precedent which requires an affirmance of the judgment of the trial court.

In *City of Long Beach* v. *O'Donnell*, 91 Cal. App. 760 [267 Pac. 585], attorneys were engaged to defend a condemnation proceeding, on a contingent fee to be effective if the property was taken by the city. The proceedings were abandoned later, and it was held defendant could not recover the reasonable value of attorney's services, because he had paid no fee nor incurred any liability to pay one. The earlier case of *Patterson* v. *Donner*, 48 Cal. 369, is also pertinent. In that case a mortgage provided for the payment of attorney's fees if foreclosure became necessary. The plaintiff in the foreclosure suit was an attorney and

his law firm acted as his attorney in the foreclosure proceeding. No recovery for attorney's fees was allowed.

The judgment appealed from is affirmed.

Preston, J., Waste, C. J., Curtis, J., Shenk, J., Seawell, J., and Richards, J., concurred.