[Civ. No. 9699. Second Appellate District, Division One.—July 17, 1935.]

CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. LEE HUNT et al., Defendants; RALPH A. CHASE, Respondent.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Arthur W. Nordstrum and Walter L. Bruington, Deputies City Attorney, for Appellant.

Harley E. Riggins and Ralph A. Chase for Respondent.

CONREY, P. J.—In this action to condemn real property for a public use, after entry of judgment awarding compensation for the land about to be taken the plaintiff elected to abandon the proceedings, and the action was dismissed. Thereupon the defendant Ralph A. Chase filed a memorandum of costs, which included an item claimed as fees for services rendered by himself as an attorney at law in establishing the value of the property taken. The court having by its order taxed as costs a sum allowed for such fees, the plaintiff appeals from the order.

With respect to the parcels of land in relation to which the disputed fees for service are claimed, the complaint alleged that defendant Ralph A. Chase was the owner. In his answer filed for himself and another defendant, the respondent admitted that he was the owner in fee simple of said property. The answer was signed by Ralph A. Chase as "attorney for

defendant". The court made findings and entered its judgment in accordance with these admitted facts.

In support of his claim for said fees, respondent filed affidavits which, in substance, are sufficient to show that although the legal title to the land was entirely vested in himself and he had complete ownership of an undivided one-half thereof, nevertheless the consideration for the other undivided one-half of said land had been paid by the Chase Rented Homes Company, Inc., a corporation, and that in fact respondent Chase held title for the corporation as to an undivided one-half of the property. His affidavit was further to the effect that in his defense to the action, with respect to said last-mentioned undivided one-half interest, he was acting as attorney for the corporation and not for himself. It was upon this basis that the court allowed the fee.

The right to recover fees in such cases is purely statutory, and the statute governing the recovery of attorney fees in eminent domain proceedings is section 1255a of the Code of Civil Procedure. It is there provided that upon abandonment of the action, judgment shall be entered dismissing the proceeding "and awarding the defendants their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees". It thus clearly appears that the right to such costs and attorney fees is limited to the defendants. But in this case the corporation was not a defendant. Its interest in the property, if any it had, appears nowhere in the record, from the filing of the complaint to the entry of judgment. Whatever the equities may have been as between respondent and the corporation, they did not in any way place the corporation in the position of a party to the action or give it any right to recover costs. Respondent in his answer to the complaint chose to claim the whole property as his own, instead of suggesting to the court and to the plaintiff that there was another owner besides himself, of the described real property. Having elected to stand in the case as sole owner, he cannot now claim attorney fees on behalf of an undisclosed owner; and it is settled law that an attorney at law sued as owner of real property in a condemnation proceeding cannot appear for himself, and for his services to himself charge attorney

fees to the plaintiff. (*City of Long Beach* v. *Sten*, 206 Cal. 473 [274 Pac. 968].)

The order is reversed.

Houser, J., concurred.

York, J., dissented.