[Civ. No. 48517. Second Dist., Div. One. Dec. 27, 1976.]

RAY O. CONNER, Plaintiff and Appellant, v.
DART TRANSPORTATION SERVICE et al.,
Defendants and Respondents.

**COUNSEL**

Jack H. Mowery for Plaintiff and Appellant.

John Michael McCormick and Willard C. Williams for Defendants and Respondents.

OPINION

THOMPSON, J.— ■  This is an appeal from a summary judgment granted defendants in an action asserting defamation, inducement of breach of a union's duty of fair representation, and breach of an oral contract of employment. It raises the issue of the collateral estoppel consequences of findings in a labor grievance proceeding which, if conclusive in the case at bench, bar plaintiff's recovery. Concluding that the doctrine of collateral estoppel applies, we affirm the judgment.

Ray O. Conner was employed by Dart Transportation Service as a truck driver. He was a member of Western States Area Pick-up and Delivery Local Cartage and Dock Workers Union and covered by a collective bargaining agreement between the union and Dart. Conner was discharged from his job for stealing coffee from his employer. Pursuant to article 45 of the collective bargaining agreement, Conner initiated a grievance proceeding, asserting that he had been improperly fired. As required by the agreement, a hearing was conducted on Conner's grievance at which Conner was represented by a union agent. On August 10, 1971, the hearing board, consisting of the "Joint State Committee" designated in the agreement, concluded that Conner had properly been discharged for dishonesty. Article 45 provides that: "Where a Joint State Committee . . . settles a dispute . . . [s]uch a decision will be final and binding on both parties."

Plaintiff did not attack the validity of the Joint State Committee determination. On February 18, 1972, he filed his complaint against Dart and one of its officers, commencing the case at bench. The complaint, as eventually twice amended, is framed in eight causes of action. The first six allege different publications of the assertedly false statement that plaintiff was discharged for dishonesty. The seventh asserts that defendants conspired with the union to cause it to breach its contract with Conner, but does not state the manner in which the union's contract was breached. The eighth cause of action asserts that defendants breached their employment contract with Conner by discharging him without cause.

Defendants filed a motion for summary judgment establishing without contradiction the facts which we have recited in this opinion. Notice of the motion was served personally upon Conner's counsel on August 15, 1976, with hearing scheduled for August 25. On August 21, Conner's

attorney filed a declaration stating that he had not received the 10-days notice required by Code of Civil Procedure section 437c and that he would be engaged in trial on the 25th. The motion for summary judgment was heard August 26. Conner has not included in the record on appeal the order of the trial court changing the hearing date.

The trial court granted the motion for summary judgment. In this appeal, Conner asserts: (1) he was given inadequate notice of the motion; (2) declarations establishing the terms of the collective bargaining agreement consist of inadmissible hearsay; and (3) there are triable issues of fact concerning the truth or falsity of defendants' statement that Conner was discharged for dishonesty. Defendant does not assert in his brief that there are triable issues of fact concerning the seventh cause of action dealing with induced breach of·the union's covenant of fair representation. We treat the failure of the brief to discuss the seventh cause of action as abandoning the appeal as to it except on the ground of lack of notice.

■ Conner's contentions of lack of adequate notice of the motion and the hearsay nature of declarations in support of it are specious. He had 10-days notice of hearing on the motion and yet was granted a 1-day continuance before it was heard. ■ While the defendants' quotation of the terms of the collective bargaining agreement in declarations supporting the motion are hearsay, plaintiff had incorporated the terms of the agreement by reference in his second amended complaint.

■ The record negates the existence of a triable issue of fact concerning the first through sixth and the eighth cause of action. "As a rule, the granting of an [arbitration] award will act as a bar to civil litigation on the same issues. So, if an employee who is affected adversely by an arbitration sustaining his discharge brings an action, say, for breach of contract, the action will be dismissed . . . ." (Feldman, *Arbitration Law in California: Private Tribunals for Private Government,* 30 So.Cal.L.Rev. 375, 465.)

■ Here the result of the arbitration was to establish Conner's dishonesty as a fact. ■ The proceeding before the Joint State Committee is in essence one in arbitration. (*Cortez* v. *Cal. Motor Express Co.* (1964) 226 Cal.App.2d 257 [38 Cal.Rptr. 29].) Conner voluntarily initiated the arbitration process. Once initiated, the process determined

that Conner was properly discharged for dishonesty, thus establishing the existence of the ground for which he was fired. Because truth is a defense to the defamation asserted in the first six causes of action (4 Witkin, Summary of Cal. Law (8th ed.) Torts, § 292), and the propriety of Conner's termination is a defense to the eighth claiming breach of contract, the trial court properly determined that the defendants are entitled to judgment as a matter of law.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 23, 1977.