[No. B003814. Second Dist., Div. Seven. Dec. 19, 1985.]

YVONNE M. RENFREW, Plaintiff and Appellant, v.
JOANNE ELIZABETH LOYSEN, Defendant and Respondent.

## COUNSEL

Yvonne M. Renfrew, in pro. per., for Plaintiff and Appellant.

Edgar R. Bardin and Mark D. Lenenberg for Defendant and Respondent.

## OPINION

**LILLIE, P. J.**—Yvonne Renfrew appeals from a postjudgment order denying her motion to be declared the prevailing party in an action on a

contract as to entitle her to an award of attorney's fees pursuant to the terms of the contract.[1]

## I

### FACTS

Renfrew, a licensed attorney, rendered legal services to Joanne Loysen pursuant to a representation agreement which provided in pertinent part: "If either of us should institute litigation concerning fees, the prevailing party shall be entitled to attorney fees and costs in addition to any other expenses of collection theretofore [*sic*] incurred." Renfrew brought an action in superior court to collect legal fees owed to her by Loysen. Following a three-day court trial, judgment was rendered in favor of Renfrew and against Loysen; throughout this fee-collection proceeding, Renfrew was represented by the Law Offices of Yvonne M. Renfrew, her own law firm. Renfrew filed a postjudgment motion for order determining she was prevailing party and application for award of attorney's fees pursuant to Civil Code section 1717. The motion was denied by the trial court, and this appeal followed.

## II

### AWARD OF FEES TO ATTORNEY IN PROPRIA PERSONA

■ Under Civil Code section 1717, in an action on a contract which specifically provides for an award of attorney's fees and costs to the prevailing party, the court upon motion shall determine who is the prevailing party and that party shall be entitled to recover costs of suit, including attorney's fees. The contract between Renfrew and Loysen contained such an attorney's fees provision; the judgment rendered by the court ordered Loysen to pay to Renfrew a sum in excess of $36,000. Renfrew was the prevailing party in an action on a contract within the meaning of section 1717, and would therefore ordinarily be entitled to an award of attorney's fees pursuant to the provisions of the contract and section 1717.

■ The trial court denied Renfrew's motion under section 1717 to be declared the prevailing party in order to recover attorney's fees on the basis of the "general rule" that an attorney-litigant is not entitled to an award of attorney's fees because he has paid no attorney fee nor incurred any obli-

---

[1]This court takes judicial notice of the record in the related appeal from judgment in the underlying contract action between the parties, *Renfrew v. Loysen*, No. B004857. (Evid. Code, §§ 452, 459.) In an opinion filed November 7, 1985, by Division One of this court, that judgment was affirmed.

gation to pay one. In denying the motion, the court cited a 1929 Supreme Court case in which a defendant was denied reasonable attorney's fees to which he would normally be entitled in a condemnation proceeding because the defendant was an attorney appearing in propria persona. (*City of Long Beach* v. *Sten* (1929) 206 Cal. 473, 474 [274 P. 968].) The court in *Sten* expressly refused to decide whether the rule denying fees to an attorney appearing in his own behalf was a desirable one, but rather felt compelled to follow the rule under the precedent of two earlier cases. In the first, *City of Long Beach* v. *O'Donnell* (1928) 91 Cal.App.760, 762 [267 P. 585], a party was denied recovery of reasonable attorney's fees because his attorneys were hired on a contingent fee basis, the contingency had not occurred, and the party thus had paid no attorney's fees nor incurred any liability to pay them. (See also *Franklin-McKinley Sch. Dist.* v. *Lester* (1963) 223 Cal.App.2d 347, 348-349 [35 Cal.Rptr. 727].)

The second case cited in *Sten* was *Patterson* v. *Donner* (1874) 48 Cal. 369, in which the court refused to award attorney's fees to a plaintiff-attorney as required by the terms of a mortgage: "The action was brought and prosecuted by the plaintiff personally. We do not think that the stipulation in the mortgage sued on, for counsel fee, can apply where no counsel fee was paid by the plaintiff." (*Patterson* v. *Donner, supra,* at p. 380.) The rule thus emerged: "When an attorney represents himself in an action he may not recover the reasonable value of his fee, for he has paid no fee nor has he incurred any liability to pay an attorney fee." (*O'Connell* v. *Zimmerman* (1958) 157 Cal.App.2d 330, 337 [321 P.2d 161].)

However, the soundness of this rule has been seriously questioned by the California Supreme Court in a case involving the right of an individual representing himself before the Public Utilities Commission to recover representative fees: "[T]he logic of past decisions that do not allow an attorney to recover fees when he appears on his own behalf is unclear. Although such an attorney does not pay a fee or incur any *financial* liability therefor to another, his *time spent* in preparing and presenting his case is not somehow rendered less valuable because he is representing himself rather than a third party. Accordingly, it would appear he should be compensated when he represents himself if he would otherwise be entitled to such compensation . . . ." (*Consumers Lobby Against Monopolies* v. *Public Utilities Com.* (1979) 25 Cal.3d 891, 915, fn. 13 [160 Cal.Rptr. 124, 603 P.2d 41], original emphasis.) Although not controlling, this dicta is persuasive and entitled to substantial weight. (*Smith* v. *Mt. Diablo Unified Sch. Dist.* (1976) 56 Cal.App.3d 412, 418 [128 Cal.Rptr. 572]; *In re Olson* (1974) 37 Cal.App.3d 783, 789 [112 Cal.Rptr. 579].)

The Ninth Circuit of the United States Court of Appeals has also rejected the contention that attorney's fees should be denied to parties who are at-

torneys representing themselves, explaining: "The appellees have actually suffered pecuniary loss, since they have been required to take time away from their practices to prepare and defend the suit. [Citation.] Legal services have actually been performed. [Citation.]" *(Ellis v. Cassidy* (9th Cir. 1980) 625 F.2d 227, 230-231.)

In reliance on the reasoning of these two cases, the First District Court of Appeal held in *Leaf v. City of San Mateo* (1984) 150 Cal.App.3d 1184 [198 Cal.Rptr. 447], that where an attorney acts pro se in prosecuting an action, he is entitled to recover the reasonable value of the professional services he necessarily rendered during pretrial and trial proceedings. The court reasoned: "It would be illogical and unjust to conclude that because an attorney-litigant has provided valuable professional services in his or her own behalf, no litigation cost for such services has been actually incurred within the meaning of the statute. It seems obvious that prosecution of an inverse condemnation action by an attorney acting pro se involves a tangible commitment of time and skills—a lawyer's only 'stock in trade'—having a substantial economic value which realistically could have been available for other gainful application. It would be anomalous to conclude that if a similarly situated attorney were to incur a financial liability to oneself by reason of employment by a self-owned professional law corporation (see Bus. & Prof. Code, § 6160 et seq.), that attorney could recover but not one who renders the same services albeit without the formality of actual payment from one pocket to the other." *(Leaf v. City of San Mateo, supra,* at p. 1189.) ■ The Supreme Court denied a hearing in that case; although denial of a hearing is not to be regarded as expressing approval of the proposition of law set forth in an opinion or as having the same authoritarian effect as a decision of the Supreme Court, such denial is not without significance as to the views of the members of that court. *(McGlothlen v. Department of Motor Vehicles* (1977) 71 Cal.App.3d 1005, 1017 [140 Cal.Rptr. 168].)

■ We find the reasoning of these cases logical and persuasive. An attorney's livelihood is based on the utilization of time and skill, for which he or she receives compensation. Renfrew's prosecution of her action against Loysen required her to utilize professional time and skill which would otherwise have been available for her regular law practice. This loss of available time represents a loss of income. To allow respondent to escape her obligation to pay the attorney's fees required under the contract simply because the attorney chose to rely on her own professional skill rather than hire another attorney would create a windfall for the client at the direct and tangible expense of the prevailing party-attorney. We find no justification for such a rule. Equity and common sense dictate our conclusion that ap-

pellant Renfrew should not be denied compensation for the reasonable value of her time as attorney in litigating her own claim against respondent.

■ The determination of what constitutes reasonable attorney's fees is committed to the discretion of the trial court, which has its own expertise as to the value of legal services performed in a case. (*Melnyk* v. *Robledo* (1976) 64 Cal.App.3d 618, 623 [134 Cal.Rptr. 602].) The trial court in the present case must utilize its expertise and discretion to determine the reasonable value of attorney Renfrew's services in the litigation of her fee collection action against respondent Loysen.

## III

### Disposition

The order denying appellant attorney's fees is reversed and the cause remanded to the trial court for further proceedings in accordance with the views expressed herein.

Thompson, J., and Johnson, J., concurred.

Respondent's petition for review by the Supreme Court was denied March 26, 1986.