[No. C012501. Third Dist. Aug. 31, 1992.]

HAMBROSE RESERVE, LTD., Plaintiff and Respondent, v.
HENRY J. FAITZ, Defendant and Appellant.

## COUNSEL

Henry J. Faitz, in pro. per., for Defendant and Appellant.

Rader, Rader, Goulart & Gray and Bruce Kaminski for Plaintiff and Respondent.

## OPINION

**PUGLIA, P. J.**—Defendant Henry J. Faitz appeals from an order denying his motions to determine the prevailing party and award attorney fees. Faitz contends he prevailed in an action based on a contract containing an attorney fee provision to which Civil Code section 1717 (section 1717) applies, and his status as an attorney appearing in propria persona does not preclude an award to him of attorney fees. We conclude this is not an action on a contract but a proceeding to enforce a judgment and section 1717 therefore does not apply. Accordingly, we shall affirm.

Hambrose Reserve, Ltd. sued Faitz on a promissory note in New York and obtained judgment. The judgment awarded Hambrose Reserve $22,200 with interest in the sum of $7,484.74 and $172.50 in costs.

Hambrose Reserve applied to enforce the New York judgment in California. (See Code Civ. Proc., §§ 1710.10-1710.65.) Judgment was entered on Hambrose Reserve's application (Code Civ. Proc., § 1710.25) but was vacated on motion of Faitz (Code Civ. Proc., § 1710.40). Hambrose Reserve

then filed a second application to establish the New York judgment. Judgment was again entered and Faitz demurred to the application and moved to vacate the judgment. The demurrer was overruled and the motion to vacate denied. After his motion to reconsider was denied, Faitz appealed. This court reversed, concluding the order vacating the first judgment was res judicata and barred the second application to enter judgment. (*Hambrose Reserve, Ltd.* v. *Faitz* (May 20, 1991) C007869 [nonpub. opn.].)

Faitz then moved to determine the prevailing party and to award attorney fees. He claimed attorney fees under section 1717 as the party prevailing on the note which contained an attorney fees provision.[1] He sought fees of $15,000 for the appeal and $7,424 for proceedings in the superior court.

Hambrose Reserve opposed an award of attorney fees on three grounds. It argued Faitz was not entitled to attorney fees because he was an attorney acting in pro se. Second, the action was not on a contract within the contemplation of section 1717, but was a proceeding to enforce a judgment for which there is no authority to award attorney fees. Finally, Hambrose Reserve resisted Faitz's request for attorney fees as not supported by substantial evidence.

The court denied Faitz's motions, relying upon the reasons set forth in Hambrose Reserve's opposition. In the trial court's view, attorney fees are not recoverable in a proceeding to enforce a judgment.

Hambrose Reserve contends Faitz is precluded from an award of attorney fees because, although an attorney, he is appearing in pro se. Older California decisions declare this to be the rule. (*City of Long Beach* v. *Sten* (1929) 206 Cal. 473 [274 P. 968]; *Patterson* v. *Donner* (1874) 48 Cal. 369, 380; *O'Connell* v. *Zimmerman* (1958) 157 Cal.App.2d 330, 337 [321 P.2d 161]; *City of Los Angeles* v. *Hunt* (1935) 8 Cal.App.2d 401, 403-404 [47 P.2d 1075]; cf. *Consumers Lobby Against Monopolies* v. *Public Utilities Com.* (1979) 25 Cal.3d 891, 915, fn. 13 [160 Cal.Rptr. 124, 603 P.2d 41].) In *Renfrew* v. *Loysen* (1985) 175 Cal.App.3d 1105 [198 Cal.Rptr. 447], the court, relying on dictum in *Consumers Lobby Against Monopolies, supra,* questioning the soundness of the rule, held an attorney prosecuting his own contractual claim in pro se is entitled to attorney fees under section 1717. (175 Cal.App.3d at pp. 1109-1110; see also *Leaf* v. *City of San Mateo* (1984)

---

[1] Section 1717 provides in part: "(a) In any action on a contract, where the contract specifically provides that attorney[ ] fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney[ ] fees in addition to other costs."

150 Cal.App.3d 1184 [198 Cal.Rptr. 447].) However, as we shall see, any advantage to Faitz from this apparent change in the law is ephemeral. The dispositive issue here is whether the prevailing party in a proceeding to enforce a sister state judgment arising out of an action on a contract is entitled to attorney fees under section 1717. We now turn to that issue.

The two cases that have addressed the issue are in apparent conflict. Faitz relies on *Rainier National Bank* v. *Bodily* (1991) 232 Cal.App.3d 83 [282 Cal.Rptr. 926], which also involved the unsuccessful attempt to enforce a sister state judgment. Rainier received a judgment, including an award of attorney fees, against the Bodilys in Washington in an action on a guarantee contract which provided for attorney fees in the event of an action to enforce its terms. Rainier applied to enter the Washington judgment in California. Judgment was entered but the Bodilys' motion to vacate judgment was granted on the grounds, among others, that Washington did not have jurisdiction over the Bodilys. The trial court denied the Bodilys' motion for attorney fees. (*Id.* at p. 85.) The Court of Appeal (2d Dist., Div. 2) reversed, noting that section 1717 is based on equitable principles, including mutuality of remedies. (*Id.* at p. 86.) Rainier had received attorney fees in its suit in Washington and it was unquestioned that if that suit had instead been brought in California the Bodilys would have recovered fees. The reviewing court held the Bodilys were entitled to fees because to rule otherwise would reward Rainier for selecting the improper forum, a result contrary to the spirit and logic of section 1717. (232 Cal.App.3d at p. 86.)

In *Chelios* v. *Kaye* (1990) 219 Cal.App.3d 75 [268 Cal.Rptr. 38], the plaintiffs had obtained judgment in an action for breach of a contract containing a unilateral attorney fees clause. The judgment debtor then filed for bankruptcy. Plaintiffs successfully pursued their remedies in that forum. Thereafter, plaintiffs moved in superior court for an order awarding costs incurred in enforcement of the judgment, consisting primarily of attorney fees. Plaintiffs claimed entitlement to attorney fees by virtue of section 1717. The Court of Appeal (4th Dist., Div. 1) held attorney fees incurred in proceedings to enforce a judgment obtained in an action on a contract containing an attorney fees clause are not recoverable. (*Id.* at p. 80.) The court reasoned that section 1717 does not create a right to attorney fees; instead, it simply transforms a unilateral contractual right into a reciprocal right. (*Id.* at p. 79.) Once there is a judgment, contractual rights are merged into and extinguished by the terms of the judgment. At that point there is no subsisting contractual attorney fees provision on which section 1717 may operate. (*Id.* at p. 80.)

We believe the *Chelios* court's analysis is correct. Furthermore, the decision in *Rainier* is distinguishable because it is based on equities peculiar to

that case which implicate the mutuality principle underlying section 1717. Rainier had selected the Washington forum and had received attorney fees there as prevailing party. When the California court ruled that forum improper, equity demanded the Bodilys recover attorney fees. Equity does not compel the same result here. Hambrose Reserve did not recover attorney fees in New York, so the issue of mutuality does not arise.

Since we have found Faitz is not entitled to attorney fees under section 1717, we need not consider whether the trial court's decision might be upheld on the third ground urged by Hambrose Reserve, that the fee application lacked evidentiary support. ▉ We note only that Faitz did not address this point on appeal and therefore has waived any challenge to the court's ruling on this basis. (*Connor* v. *Dart Transportation Service* (1976) 65 Cal.App.3d 320, 323 [135 Cal.Rptr. 259].)

The judgment is affirmed.

Sims, J., and Scotland, J., concurred.